**McRoy BROWN, Appellant,**

v.

**Josie Rose LATCH et vir., Appellees.**

**No. 7816.**

Court of Civil Appeals of Texas.

Texarkana.

May 30, 1967.

Rehearing Denied June 27, 1967.

C. L. Ray, Jr., Ray & Kirkpatrick, Marshall, Harry Taylor, Mt. Pleasant, for appellant.

Larry W. Starr, Kenley, Boyland & Hawthorn, Longview, for appellees.

FANNING, Justice.

A venue case. Appellant, McRoy Brown, a resident of Titus County, Texas, sued appellees, Josie Rose Latch and husband Joe Latch, in the District Court of Harrison County, Texas. Appellees filed a plea of privilege seeking transfer of the cause to the county of their residence, Upshur County, Texas.

Appellant's controverting plea sought to maintain venue in Harrison County, Texas, the place of the car-truck collision in question, under Subd. 9a of art. 1995, Vernon's Ann.Tex.R.Civ.Stat.

The only witness who testified was plaintiff-appellant McRoy Brown. He was cross-examined by appellees' attorney. His testimony, in our opinion, as hereinafter outlined, made a prima facie case authorizing the maintenance of venue in Harrison County, Texas, under Subd. 9a, supra. Appellees offered no testimony controverting any of appellant's testimony.

After plaintiff-appellant testified on direct and on cross-examination, (and after argument of counsel), the trial court sustained the plea of privilege. Appellant has appealed.

Since there were no findings of fact or conclusions of law, the burden of appellant on his appeal is to negative every hypothesis which might have served as a premise for the court's judgment, including the theoretical finding by the trial court that appellant had not established his cause of action by a preponderance of the evidence in satisfaction of the requirements of Subd. 9a of art. 1995. In this connection see Brown v. Nelms, Tex.Civ.App., 374 S. W.2d 917, no writ (1964).

In 60 Tex. Jur.2d, Venue, § 247, p. 169, it is stated in part as follows:

"—Where plea sustained. * * * A presumption will not be indulged to support a judgment sustaining the defendant's plea of priviledge where the defendant offered no evidence on the plea contrary to the evidence introduced by the plaintiff. In such a case inferences most favorable to the plaintiff, which his evidence would reasonably bear, must be indulged."

In this connection also see Farley v. Nix, Tex.Civ.App., 199 S.W.2d 670, no writ (1947).

In Watson v. Roche, Tex.Civ.App., 224 S.W.2d 297, no writ (1949) the rule is stated that generally testimony of an interested party only creates an issue of fact, but where the opposite party is in a position to contradict or discredit such testimony and fails to do so, the interested party's testimony (where it is clear and positive) will be taken as true. And in Fowler v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 237 S.W.2d 373, writ refused (1951), it was also held that generally the testimony of a party to a suit does no more than raise a fact issue, though uncontradicted, but such a witness' clear, direct and positive testimony, not contradicted by any other witness or attendant circumstances, is taken as true as a matter of law.

In 17 Tex.Jur. pp. 306–8 it is stated in part as follows:

"Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him. The failure of a party to take advantage of an opportunity to explain inculpatory circumstances is evidence against him, and his failure to produce evidence in his possession which might have rebutted a presumption against him strengthens such presumption. Where a party does not in any way seek to contradict the testimony of his adversary on a particular point, the presumption is that he has no testimony to controvert it; and when the proof tends to establish a fact, and at the same time discloses that it is within the power and the interest of the opposite party to disprove it, the silence of the opposing party not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force. * * *

"Generally the failure of a party to an action to testify raises a strong presumption against him, and his failure or refusal when testifying to disclose a fact exclusively within his knowledge, or to explain the transaction involved, though afforded the opportunity to do so, and the fact that he suppresses evidence or fails to disclose or state all of the facts within his knowledge, or that, when testifying, he fails to deny testimony of his adversary, raises a presumption or may be considered as a circumstance against him. * * *"

As above stated the only testimony in the record is the testimony given by plaintiff-appellant. In his pleadings appellant alleged, among other matters, that an automobile accident occurred in Harrison County, Texas, in which the appellee, Josie Rose Latch, stopped or slowed the automobile she was operating in the traveled portion of a highway without warning or signal and that the front of appellant's pickup truck collided with the rear of appellee's automobile. He alleged that such action constituted negligence on the part of appellee Josie Rose Latch, which was a proximate cause of damages to appellant, in his receiving personal injuries, as well as his truck being damaged thereby.

The only testimony at the hearing was that of appellant who testified to the effect that the appellee stopped or slowed suddenly, while directly in front of appellant's vehicle in the traveled portion of the highway, and that he saw no signal from the appellee's vehicle. In this connection we quote in part from appellant's testimony as follows:

"Q. In other words, you didn't have time, I mean you were looking away, you couldn't have seen any signal if she had given one, could you?

A. Well, if she had applied her red brake, I believe I would have, don't you?

"The appellant also testified * * *:

"Q. Well, did she slam on her brakes?
A. You ain't woofing! She sure did * * *"

The appellant also testified that the collision occurred in Harrison County, Texas,

862

and testified concerning bodily injuries sustained by him by reason thereof as well as medical and hospital bills and property damages caused thereby.

Appellant's evidence clearly made out a prima facie case of negligence and proximate cause, occurring in Harrison County, Texas, and showed that as a result of the collision he received personal injuries, incurred medical and hospital bills and also sustained property damages. This evidence was clear and positive and was not controverted.

The evidence reflects that there were two occupants in the Cadillac automobile that stopped suddenly in front of appellant. There was evidence to the effect that the driver of the Cadillac automobile in question was Josie Rose Latch. In this connection we quote from the record in part as follows:

"Q. What kind of car was it that was in front of you?

A. Cadillac.

Q. *And, have you learned since that time who was driving the automobile?*

A. Well, this lady that you mentioned, she called the shop, her mother called the shop, I have a shop over at Jefferson, and the lady—the mother of the girl or the lady that was driving called me over there and told me who she was.

Q. *And would that be Josie Latch? Would that have been the driver of the car?*

A. *I believe that's right.* * * *"
(Emphasis added)

■ No objection of any character was made by appellees to any portion of the above testimony, nor was such testimony probed by appellees on cross-examination, nor did appellees examine appellant an voir dire to determine what portion, if any, of said testimony might be based on hearsay and what portion was not based on hearsay. Under said testimony appellant testified to the effect that he "later learned" that Josie Latch was the driver of the driver of the car. Such testimony was not necessarily hearsay. See Strickland Transportation Company v. Ingram, infra. In Norris v. Lancaster, 280 S.W. 574 (Tex.Com.App. 1926), the court held that to exclude testimony on the ground of hearsay, the testimony must affirmatively appear that it is wholly hearsay. Also in Missouri Pac. Ry. Co. v. Sherwood, 84 Tex. 125, 19 S.W. 455, 17 L.R.A. 643 (1892), it was stated in part as follows:

"* * * We are unable to say that the knowledge of the witness, to the existence of which he swears, was founded on pure hearsay. * * * The cross-examiner did not sufficiently probe the sources of the witness' knowledge to justify us in holding that it was founded entirely on hearsay, rendering his testimony inadmissible."

It is our view that under the record in this cause such testimony of appellant is not affirmatively shown to be wholly hearsay, and in the absence of any contradiction by Josie Rose Latch, who was in a position to easily dispute this testimony if it was not true, such testimony at least established a prima facie case of Josie Rose Latch being the driver of the Cadillac automobile in question. In this connection see Strickland Transportation Company v. Ingram, Tex. Civ.App., 403 S.W.2d 192, wr. dism. (1966), and other authorities reviewed with said case in Baylor Law Review, Vol. XVIII, No. 4, Fall 1966, pp. 639–643. Also it would be in the interests of justice to reverse and remand the case for fuller development with respect to the above question as well as for fuller development of the case as a whole.

The evidence did not raise an issue of unavoidable accident nor of sole proximate cause and the judgment of the trial court can not be sustained upon either of these theories. We also do not perceive any other theory upon which the trial court's judgment can be sustained.


863

■ While appellees in their cross-examination of appellant may have raised issues of contributory negligence on the part of appellant, such matters would not justify the trial court's judgment, as contributory negligence issues are immaterial on a venue hearing. See Heldt v. McCreary, Tex.Civ. App., 399 S.W.2d 181, no writ (1966) and authorities cited therein.

■ It is our view that since plaintiff-appellant's testimony, which was the only evidence in the record, was uncontradicted by appellees who were in a position to attempt to contradict the same if they saw fit to do so, and since there is nothing in the record to discredit it, that plaintiff made out a prima facie case by the preponderance of the evidence, establishing venue in Harrison County, Texas, under Subd. 9a of art. 1995.

It is our view however that the case was not fully developed and that in the interest of justice the cause should be reversed and remanded for fuller development. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948). Accordingly, the cause is reversed and remanded to the trial court.

Reversed and remanded.