Patsy CALDWELL, Appellant,

v.

M. C. OVERTON, III, M. D., Appellee.

No. 8485.

Court of Civil Appeals of Texas, Texarkana.

Aug. 2, 1977.

Rehearing Denied Aug. 30, 1977.

Timothy E. Kelley, Dallas, for appellant.

Kleber C. Miller, Shannon, Gracey, Ratliff & Miller, Fort Worth, for appellee.

CHADICK, Chief Justice.

This is a negligent misrepresentation case. Mrs. Patsy Caldwell sued Dr. M. C. Overton, III for damages. She alleged that he prepared a report after a partial physical examination of her but before all examination procedures were completed. The report stated in part, "I do not believe she has a real injury or residual at this time . . . ." Copies of the report were furnished to her treating physician, the Industrial Accident Board where she had a workmen's compensation claim pending, her employer's insurance carrier and her legal counsel.

Mrs. Caldwell's pleadings also alleged that in reliance upon the report a settlement of her compensation claim was made for an amount much less than the claim's true value. And that Dr. Overton in a second report, made after settlement had been accomplished, stated that after exami-

nation of x-ray pictures, ordered by him and in hand but unexamined at the time of the first report, he was of the opinion Mrs. Caldwell had an abnormality of her lower spine, which could cause discomfort and might require surgery. The Caldwell petition alleged that the reported abnormality made her claim far more valuable than it was in the light of the first report and that she was damaged by Dr. Overton's negligent misrepresentation quoted above.

Mrs. Caldwell tendered evidence in general support of the allegations of her petition but did not offer testimony from a physician of Dr. Overton's school and locality tending to prove Dr. Overton negligently, under the circumstances of this case, reached the conclusion contained in his first report. The trial judge granted Dr. Overton's motion to withdraw the case from the jury, rendered a take-nothing judgment and assessed costs against Mrs. Caldwell. She has appealed and briefs a single point of error, to-wit:

"The trial court erred in granting Defendant's Motion for a Directed Verdict inasmuch as a cause of action on negligent misrepresentation has long been recognized in this State."

The point indicates that Mrs. Caldwell was under an impression that the trial court did not consider "negligent misrepresentation" a cause of action for which relief might be granted.

In support of her point Mrs. Caldwell cites the following cases: *Wright v. United States Mortg. Co. of Scotland,* 42 S.W. 789 (Tex.Civ.App.1897, writ dism'd); *American Indemnity Co. v. Ernst & Ernst,* 106 S.W.2d 763 (Tex.Civ.App. Waco 1937, writ ref'd); *Shatterproof Glass Corporation v. James,* 466 S.W.2d 873 (Tex.Civ.App. Fort Worth 1971, writ ref'd n. r. e.); and *Rosenthal v. Blum,* 529 S.W.2d 102 (Tex.Civ.App. Waco 1975, writ ref'd n. r. e.). And to these cases may be added, for what it is worth, Restatement, Second, Torts, Sec. 552.*

* The two most recent Texas cases considering negligent misrepresentation are *Shatterproof Glass Corporation v. James* and *Rosenthal v. Blum* and both cite and place reliance upon this text although the Texas Supreme Court has not yet manifest approval thereof.

Dr. Overton's brief concedes that "negligent misrepresentation" may constitute a cause of action but insists that Mrs. Caldwell failed to prove her case. And coincidently, Dr. Overton acknowledges that this reviewing court must consider the evidence adduced in the trial court in the light most favorable to Mrs. Caldwell's cause of action. Dr. Overton takes the position that he was entitled to judgment as a matter of law for several reasons and this Court sustains his counterpoint that "There was no evidence, expert or otherwise, introduced to show that any medical standard had been violated . . ." by Dr. Overton.

Dr. Overton concluded at the time he first examined Mrs. Caldwell that additional x-ray pictures were needed in order to determine her medical condition and such pictures were promptly produced and delivered to him. Without referring to these pictures he prepared and distributed his first report. Mrs. Caldwell grounds negligence upon this conduct arguing that Dr. Overton imposed a standard of care upon himself by ordering additional pictures and then violated the standard by failing to examine and consider them before making the representation contained in the first report. The standard of care to be applied in determining the negligence or not of the representation in issue becomes decisive in this appeal.

■ Undertaking to make a medical examination of Mrs. Caldwell, in the absence of an inconsistent agreement, imposed a duty upon Dr. Overton to exercise at least the same reasonable degree of care, skill and diligence exercised by other physicians of his school of medicine in the same locality. 45 Tex.Jur.2d, Physicians and Other Healers, Sec. 117. Such duty or standard of care, skill and diligence is the measure of Dr. Overton's obligation to Mrs. Caldwell. The representation in question was a physician's conclusion about the medical condition of a patient and the conclusion could only have been negligently reached by the physician's failure to perform his duty of reasonable care, skill and diligence. It seems obvious and beyond argument that a conclusion induced by negligence must exist before it may be communicated to another as a negligent representation.

■ No case considering the standard of care a physician must exercise, under circumstances shown by this record, has been cited or found but the stated standard of conduct appears to be logically compelled by the general rule that the negligence of the physician must be proven by the testimony of a practitioner of the same school of medicine as that of the alleged negligent physician. *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779 (1949); *Edwards v. United States,* 519 F.2d 1137 (5th Cir. 1975); 45 Tex.Jur.2d, Physicians and Other Healers, Sec. 131.

■ Restatement, Second, Torts, Sec. 552, Comment e, confirms the foregoing view of the standard in a negligent misrepresentation case. The comment says:

"When the information concerns a fact not known to the recipient, he is entitled to expect that the supplier will exercise that *care and competence in its ascertainment which the supplier's business or profession requires* and which, therefore, the supplier professes to have by engaging in it." (Emphasis added.)

This text represents the tentative consensus of numerous legal scholars and is entitled to great respect. To sum up, this Court concludes that when a patient in doubt about his health and bodily condition requests and is supplied medical information, such as a diagnosis or a prognosis, the patient is entitled to expect the medical practitioner to exercise the care and competence in reaching an opinion that the practitioner's profession requires and which the practitioner professes to have by engaging in medical practice.

■ Since the record contains no evidence competent to show that Dr. Overton's opinion of Mrs. Caldwell's medical condition was negligently reached or that he was negligent in his conclusion, there is no evidence that he supplied negligent information to Mrs. Caldwell and the others that

received his report. Appellant's counter-point, to the extent previously indicated, is sustained.

Finding no reversible error, it becomes the duty of this Court to affirm the judgment of the trial court. It is so ORDERED.