**SUSSER PETROLEUM COMPANY et al., Appellants,**

v.

**LATINA OIL CORPORATION, Appellee.**

No. 8644.

Court of Civil Appeals of Texas, Texarkana.

Nov. 21, 1978.

Michael Kendrick, Jr., Head, Kendrick & Head, Corpus Christi, Robert M. Greenberg, Dallas, for appellants.

J. Anthony Hale, John L. Mericle, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, Patrick F. McGowen, Strasburger & Price, Dallas, for appellee.

HUTCHINSON, Justice.

This is a venue case involving Subdivision 4 of Tex.Rev.Civ.Stat.Ann. Article 1995 (defendants residents of different counties). Latina Oil Corporation (Latina) brought suit against Susser Petroleum Company (Susser) for breach of contract and against Champlin Petroleum Company (Champlin) for negligent misrepresentations concerning the availability of 220,000 barrels of A–1 jet fuel to be sold to Latina. Suit was brought in Dallas County, the residence for venue purposes of Champlin. Susser Petroleum Company (a partnership), Sam J. Susser and Jerry Susser asserted a plea of privilege to be sued in Nueces County. Latina controverted this plea, alleging that defendant Champlin was a resident of Dallas County and that defendant Sam J. Susser, by virtue of a second residence, was a resident of Dallas County, and therefore venue was maintainable under Article 1995, subd. 4, Tex.Rev.Civ.Stat.Ann. This appeal is from the order overruling the plea of privilege.

In order to maintain venue under subd. 4 of Article 1995, Tex.Rev.Civ.Stat. Ann., it is necessary to plead and prove by a preponderance of the evidence that (1) one of the defendants resides in the county of suit; (2) the non-resident defendants are at least proper parties to the suit; and (3) the plaintiff has a bona fide cause of action against the resident defendant. 1 McDonald's, Texas Civil Practice, Sec. 4.10.2, p. 434 (1965). Here it has been conceded that Latina established the first two requirements. The question here is whether Latina pleaded and proved a bona fide cause of action against the resident defendant, Champlin. No findings of fact or conclusions of law were filed by the trial court. Therefore it is incumbent upon this Court to review the record to determine if there is evidence of sufficient probative force to support the order of the trial court. *Strain Bros., Inc. v. Bennett,* 456 S.W.2d 466 (Tex. Civ.App. El Paso 1970, no writ). In making this determination, it is proper to consider only the evidence most favorable to the judgment and disregard that which is opposed to it. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1951); *Brown v. Latch,* 416 S.W.2d 859 (Tex.Civ.App. Texarkana 1967, writ dism'd).

Latina's asserted cause of action against Champlin is grounded on negligent misrepresentation under Sec. 552, Restatement (Second) of Torts (1977), which reads, in part, as follows:

"One who, in the course of his business, profession or employment, . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

This section imposes liability upon a party that supplies false information in the course of business for the guidance of others in their business transactions and it is immaterial whether or not such misrepresentation was made innocently or deliberately or with a fraudulent or dishonest intent. *Shatterproof Glass Corporation v. James,* 466 S.W.2d 873 (Tex.Civ.App. Fort Worth 1971, writ ref'd n. r. e.). To be actionable, the representation need only be false either by accident or intent. The supplier of information owes a duty to exercise reasonable care and competence in obtaining or communicating correct information. *Shatterproof Glass Corporation v. James,* supra; *Rosenthal v. Blum,* 529 S.W.2d 102 (Tex.Civ. App. Waco 1975, writ ref'd n. r. e.); *Caldwell v. Overton,* 554 S.W.2d 832 (Tex.Civ. App. Texarkana 1977, no writ).

■ Appellant (Susser) contends that appellee (Latina) failed to discharge its burden of proof saying the evidence, at best, shows only a mistake as opposed to negligence. Appellant offered no testimony at the plea of privilege hearing and we, as the court in *Brown v. Latch,* supra, after reviewing the entire record find that appellee (Latina) proved a prima facie case for the overruling of the plea of privilege. Champlin was a supplier of petroleum products and through Susser told Latina on Wednesday, July 27, that it could supply 220,000 barrels of jet fuel at Corpus Christi by the weekend. This was by Champlin later changed to Beaumont. Latina in relying on this assurance chartered a tanker and made other preparations for the purchase and disposition of the fuel. Later Latina was informed that only 100,000 barrels of fuel were on hand but that the additional barrels would be located. Champlin, as late as

Friday, July 29, assured Latina that the additional fuel would be supplied and knew that Latina was continuing its preparation for the receipt and shipment of the fuel. Friday afternoon, July 29, Latina was informed that the fuel would not be available. Champlin was or should have been aware of the reliance Latina was placing on its representations as to availability of the fuel and the trier of fact could find that it was negligent in giving the false reports as to its inventory and its assurance of being able to supply the shortage. Comment *e* at 130, Sec. 552, Restatement (Second) of Torts (1977):

". . . When the information concerns a fact not known to the recipient, he is entitled to expect that the supplier will exercise that care and competence in its ascertainment which the supplier's business or profession requires and which, therefore, the supplier professes to have by engaging in it. Thus the recipient is entitled to expect that such investigations as are necessary will be carefully made and that his informant will have normal business or professional competence to form an intelligent judgment upon the data obtained. . . ."

Here Latina was a known and intended recipient of Champlin's assurances of the available supply of jet fuel and Latina relied and acted on such assurances to its damage.

■ Appellant also complains of the implied finding of the trial court that Sam J. Susser maintained a second residence in Dallas County for venue purposes. It is quite apparent from the record that Mr. Susser's "domicile" was in Corpus Christi; however, the reference in Article 1995 to "domicile" means "residence" rather than legal domicile. *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136 (1951). The Texas Supreme Court in *Snyder,* supra, also held that a person may have more than one "residence" within the state for venue purposes and in order to establish a "second residence" it must be shown that the person has a fixed second place of abode within his possession, occupied or intended to occupy

the same consistently over a substantial period of time, and that it is permanent rather than temporary. As before stated, the trial court did not, nor was it requested to, make findings of fact and conclusions of law. Therefore, the trial court's order overruling the plea of privilege implies fact findings in support thereof. *Renfro Drug Co. v. Lewis,* supra. This decision will not be disturbed on appeal if it is supported by evidence sufficient to establish the venue fact prima facie. 1 McDonald's, Texas Civil Practice, Sec. 4.55, p. 614 (1965); *Brown v. Latch,* supra. The trial court's judgment finds ample support in the record.

The trial court's order overruling the plea of privilege is sustained.