**TEXAS AMERICAN CORPORATION and William Edmonds, Appellants,**

v.

**WOODBRIDGE JOINT VENTURE, Appellee.**

No. 2–90–042–CV.

Court of Appeals of Texas, Fort Worth.

April 30, 1991.

As Corrected May 29, 1991.

Rehearing Overruled June 11, 1991.

Lane, Ray, Geetchell & Wilson, Donald H. Ray, Fort Worth, for appellants.

Shannon, Gracey, Ratliff & Miller, Anne Gardner, Fort Worth, for appellee.

Before SPURLOCK, HILL and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellants, Texas American Corporation ("Texas American") and William Edmonds, appeal the judgment rendered on a jury verdict against them and in favor of appellee, Woodbridge Joint Venture. This suit arises from two contracts for sale of real estate in a subdivision in Hurst, Texas ("Woodbridge"), entered into by appellee and appellants. Appellee, who was the developer of Woodbridge, contracted to sell subdivision lots to appellants, who were builders. Appellee was awarded damages against appellants in the amount of $179,-362.95 plus prejudgment interest. Appellee was also awarded attorneys' fees based upon a finding that the counterclaim brought by appellants was groundless and brought in bad faith.

We affirm in part and reverse in part.

On December 21, 1984, appellant contracted to purchase 20 of the 220 lots held by appellee in Woodbridge. Two lots were later deleted from the contract. The terms of the contract required appellant to purchase at least one of the lots on or before February 4, 1985, and to close on the remainder within two years or by December 21, 1986. The parties entered into a second contract on March 31, 1985, under which appellant was to purchase eight additional lots, the sale of which was to be closed by December 31, 1987.

Due to a drastic decline in the real estate market in the area where Woodbridge was located, virtually all builders who had contracted to purchase lots in Woodbridge became unable to perform according to their contracts.

In December of 1986, all remaining 170 lots in the subdivision (excluding those under contract to appellants) were sold to three builders. These builders completed approximately ten homes before they defaulted on their contracts for the remaining lots sometime in the middle of 1987. The remaining 160 lots were sold in January of 1989.

Appellants closed the sale on four lots, completed building two homes, and obtained replatting and design for another home. The parties extended by agreement the closing date for the remaining fifteen lots under contract to March 23, 1987. A dispute eventually arose between the parties regarding the date on which the first contract terminated and as to whether appellee had misrepresented matters concerning the quality of the subdivision.

Appellee filed suit against appellants seeking a declaratory judgment to terminate the first contract on May 13, 1987. Appellee amended its petition in October of 1987 to assert a slander of title claim resulting from appellants' continued claim after the first contract expired. Appellants filed a counterclaim in August 1987 which was later amended to allege misrepresentations by appellee. An agreed partial summary judgment was entered on January 21, 1988, which declared that appellant had no interest under either contract.

On October 2, 1989, shortly prior to trial and more than five years after the parties signed the first contract in December of 1984, appellee filed its second amended petition alleging for the first time that appellants made negligent misrepresentations in order to induce appellee to enter both contracts of sale. In response to this, appellants pled that such claims were barred by limitations.

Following a trial by jury, the trial court entered judgment awarding appellee damages consisting of carrying costs for all lots not closed under both contracts from the date of the contracts until January 21, 1988, the date of the partial summary judgment. Further, the trial court awarded appellee attorneys' fees based on its finding that appellants had filed their D.T.P.A. claim in bad faith.

Appellants raise the following eleven points of error: (1) the trial court erred in overruling appellants' motion to set aside the judgment because, as a matter of law, any cause of action based upon negligent representations which occurred prior to the execution of the contracts was barred by the four-year statute of limitations contained in section 16.051 of the Civil Practice and Remedies Code; (2) there is no evidence or, in the alternative, factually insufficient evidence to support the jury's finding in answer to Question No. 4 that any negligent misrepresentations proximately caused actual damage to appellee; (3) there is no evidence or, in the alternative, factually insufficient evidence to support the jury's finding in answer to Question No. 6 as to the amount of damages; (4) the trial court erred in submitting jury Question No. 6 because it submitted an improper measure of damages not properly limited to any legal theory of recovery submitted or proved; (5) there is no evidence or, in the alternative, factually insufficient evidence to support the jury's finding of negligent misrepresentations in answer to Question No. 3; (6) there is no evidence or, in the alternative, factually insufficient evidence to support the jury's finding of waiver in answer to Question No. 5; (7) the trial court erred in excluding appellants' exhibits eleven and twelve which established appellants' release of their claims under the two contracts; (8) there is no evidence that the counterclaim of appellants was brought in bad faith or for harassment or that it was groundless as found by the jury in Question No. 7; (9) the trial court abused its discretion in finding that the counterclaim was groundless and in bad faith or brought for harassment and in awarding attorneys' fees to appellee; (10) the trial court erred in awarding attorneys' fees against William Edmonds, individually, because there is no finding that the counterclaim was brought in bad faith by him and because William Edmonds was not a party to the counterclaim; and (11) the trial court erred in overruling or, in the alternative, in striking and failing to grant appellants' first amended motion to set aside judgment because the cause of action for negligent misrepresentation was barred by the two-year statute of limitations, as a matter of law, TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986).

Appellee replies to each of appellants' points of error and asserts the four following cross-points: (1) appellee is entitled to recover its attorneys' fees as part of the damages for the cloud placed on its title by appellants; (2) appellee is entitled to recover its attorneys' fees from appellants for breach of contract; (3) the trial court abused its discretion in failing to award attorneys' fees in accord with the affidavit testimony filed by appellee in this cause; and (4) the trial court erred in overruling the "Plea in Abatement," "Motion for Continuance," and "Motion to Quash Citation" filed in this action regarding the attempt of appellants to join Jared Investment Corporation ("Jared") as a third-party defendant in this action.

We shall begin by addressing appellants' eleventh point of error which argues that appellee's cause of action for negligent misrepresentation was barred by the two-year statute of limitations as a matter of law.

■ In Texas, a cause of action for negligent misrepresentation is governed by the two-year statute of limitations applicable to tort actions. *Coleman v. Rotana, Inc.*, 778 S.W.2d 867, 873 (Tex.App.—Dallas 1989, writ denied). Appellee argues that the recent decision of the Texas Supreme Court in *Williams v. Khalaf*, 802 S.W.2d 651 (Tex.1990) (opinion on reh'g) has changed the statute of limitations for negligent misrepresentation from two years to four years. We disagree with appellee's interpretation of this case.

Neither party in *Williams* brought a cause of action for negligent misrepresentation. *Id.* Thus the court did not address the statute of limitations for negligent misrepresentation or disapprove cases holding that the limitations on such actions is two years.

The question whether the Texas Supreme Court had altered the limitations period for a negligent misrepresentation claim was

considered recently by the Fifth Circuit. *See Sioux Ltd. Securities Lit. v. Coopers & Lybrand*, 901 F.2d 51 (5th Cir.1990), *superseded*, 914 F.2d 61, 64 (1990). Following its analysis of the nature and history of the cause of action for negligent misrepresentation in Texas, the court concluded that *Williams* only applied to claims of fraud and negligent misrepresentation claims remain subject to the two-year statute of limitations. *Id.*

■ Negligent misrepresentation is properly identified as being a claim sounding in negligence rather than fraud. *See Great Am. Mortg. Investors v. Louisville Title*, 597 S.W.2d 425, 430 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); *Susser Petroleum Co. v. Latina Oil Corp.*, 574 S.W.2d 830, 832 (Tex.Civ.App.—Texarkana 1978, no writ).

The two-year statute of limitations, TEX. CIV.PRAC. & REM.CODE ANN. § 16.003, applies to causes of action for negligence. *Ramirez v. Gordon's Jewelry Co.*, 763 S.W.2d 34, 37 (Tex.App.—Corpus Christi 1988, no writ); *Citizens State Bank v. Shapiro*, 575 S.W.2d 375, 386 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

■ Assuming arguendo that appellants did misrepresent their financial capacity to induce appellee into executing the sales contracts between them, the injury to appellee and appellee's cause of action for negligent misrepresentation accrued at that time. *See Woods v. Wm. M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988).

The first contract of sale between appellee and appellants was signed on December 21, 1984. The representations of which appellee complains of having allegedly been made to induce appellee to enter this contract were made on or before December 21, 1984. Appellee filed its original petition in this suit on May 13, 1987. The statute of limitations applicable to appellee's claim of negligent misrepresentation had passed when appellee filed its original petition. Thus, any attempt to relate the negligent misrepresentation claim made in appellee's amended pleading back to the date the original lawsuit was filed by appellee would be fruitless.

■ Appellee argues that the discovery rule should be applied to toll the statute because it did not discover that Edmonds had misrepresented his financial ability until the time for fulfilling the contracts had expired and the alleged misrepresentations became apparent. Appellee did not plead the discovery rule at trial, however, and no issues were requested or obtained by either side as to when they discovered appellants' misrepresentations.

We hold that appellants established as a matter of law that the negligent misrepresentation cause of action was barred. Once that was done, it was appellee's burden to obtain findings to defeat that defense. Having failed to do so, appellee has waived its discovery claim. *Id.* at 518.

We find that appellee's claim against appellants for negligent misrepresentation is barred by the two-year statute of limitations. Appellants' eleventh point of error is sustained.

Appellants' points of error one through seven all address issues relating to appellee's claim of negligent misrepresentation by appellee. In view of our holding that this claim is barred by limitations, we deem it unnecessary to address these points of error individually. We sustain all seven of these points and reverse all damages awarded against appellants in relation to appellee's negligent misrepresentation claim.

Appellants' points of error eight, nine, and ten relate to the trial court's finding that appellants' counterclaim was brought in bad faith or for harassment or was groundless. Appellants contend that there is no evidence to support the jury's finding in this regard and the trial court abused its discretion in making such a finding and awarding attorneys' fees to appellee. Appellants further contend that the trial court erred in awarding attorneys' fees to appellee against William Edmonds because there is no finding that the counterclaim was brought in bad faith by Edmonds and because Edmonds was not a party to the counterclaim.

■ Appellants correctly point out that it is for the trial court, not the jury, to determine the existence of groundlessness, bad faith, and harassment in a D.T.P.A. claim. *See Donwerth v. Preston II Chrysler–Dodge,* 775 S.W.2d 634, 637 (Tex.1989). However, the trial court did make such a finding in this case. We find no evidence to support appellants' speculation that the trial court relied upon the jury's response in making this finding and further note that all of appellants' D.T.P.A. claims were refuted by appellee's evidence and shown to be groundless.

Appellants also contend that the trial court improperly held Edmonds liable for attorneys' fees because only Texas American filed an improper counterclaim.

■ We agree with appellants' contention in this regard in light of the fact that both the finding by the trial court and that of the jury were solely against Texas American and did not include Edmonds. Further, Edmonds was not a party to the counterclaim. Thus the judgment of the trial court must be reformed to delete any of the attorneys' fees awarded against Edmonds individually since appellee's negligent misrepresentation action is barred by limitations and the jury found no damages in relation to appellee's slander of title claim.

Appellants also assert that the trial court abused its discretion when it awarded appellee damages under D.T.P.A. However, the evidence showed that the misrepresentations appellants alleged were without basis. Thus the trial court acted properly in its determination that appellants' D.T.P.A. counterclaim was groundless.

Appellants' eighth and ninth points of error are overruled. Appellants' tenth point of error is sustained.

In the first of four cross-points of error, appellee argues that contrary to the ruling of the trial court, it should recover attorneys' fees as part of the damages for the cloud placed on its title by appellants.

■ However, the pleading and proof of loss of a specific sale are essential elements to a slander of title cause of action.

*A.H. Belo Corp. v. Sanders,* 632 S.W.2d 145, 146 (Tex.1982). Without such proof, appellee cannot recover any damages, whether those damages be characterized as litigation expenses or any other element of damages, such as interest or taxes. *Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex. 1983).

■ *Ellis* held that any suit for "cloud on title" which seeks dollar damages is, in reality, a slander of title action. *Id.* Appellee did not plead or prove the loss of any specific sale in the instant case. Further, attorneys' fees are not recoverable for slander of title actions under former TEX. REV.CIV.STAT.ANN. art. 2226, now codified at TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986). *Ellis,* 656 S.W.2d at 905.

Accordingly, appellee's first cross-point of error is overruled.

Under cross-point of error number two, appellee seeks attorneys' fees from Texas American based upon appellee's breach of contract claim.

However, based upon TEX.CIV.PRAC. & REM.CODE ANN. § 38.001, we find that appellee is not entitled to attorneys' fees under its breach of contract claim.

■ Appellee did not plead proper "presentment" or demand for payment by Texas American nor was there proof of presentment or demand for performance by Texas American. Appellee consistently argued prior to suit that the contracts terminated automatically and sought the declaratory judgment obtained to clear title. Appellee is not entitled to attorneys' fees under section 38.001, in absence of proper pleading and proof of demand or presentment and refusal of performance by Texas American. *Ellis,* 656 S.W.2d at 905; *Carr v. Austin Forty,* 744 S.W.2d 267, 271 (Tex. App.—Austin 1987, writ denied).

Further, appellee did not "prevail" on its claim for breach of contract. Although the trial court made findings that the contract was breached, there was no request for submission of proper jury issues on causation or damages. The existing finding by the jury of damages is not necessarily re-

ferable to the breach of contract. Thus there was no favorable judgment in the trial court on the underlying claim listed in section 38.001 as a prerequisite to an award of attorneys' fees. *Uhlir v. Golden Triangle Dev. Corp.*, 763 S.W.2d 512, 517 (Tex. App.—Fort Worth 1988, writ denied).

■ Finally, appellee neither pled nor pursued such fees nor did it request them at trial. This court has no authority to make an original "finding" regarding the amount of the fees or as to whether the fees are reasonable in amount for the contract claim. *City of Harlingen v. Lucio*, 770 S.W.2d 7, 10 (Tex.App.—Corpus Christi 1989, writ denied) (opinion on reh'g); *Arguelles v. Kaplan*, 736 S.W.2d 782, 787 (Tex. App.—Corpus Christi 1987, writ ref'd n.r. e.). Appellee's second cross-point of error is overruled.

■ The third cross-point of error raised by appellee states that the trial court abused its discretion in failing to award attorneys' fees in accord with affidavit testimony filed by appellee in this cause.

However, appellee did not present a complaint of any error in the judgment to the trial court as to the amount of attorneys' fees awarded in the judgment. Therefore, appellee failed to preserve error with respect to the amount of attorneys' fees awarded to it, and cannot seek to increase the amount of the judgment in this court. *Pierce v. Gillespie*, 761 S.W.2d 390, 397 (Tex.App.—Corpus Christi 1988, no writ); *Time Ins. Agency v. Grimes*, 613 S.W.2d 40, 43 (Tex.Civ.App.—Texarkana 1981, no writ); TEX.R.APP.P. 52(a).

Appellee's third cross-point of error is overruled.

■ Finally, appellee asserts in its fourth cross-point of error that the trial court erred in overruling the "Plea in Abatement," "Motion for Continuance," and "Motion to Quash Citation" filed in this action regarding the attempt of appellants to join Jared and U.S. Development Corporation ("U.S. Development") as third-party defendants in this action.

Appellee's asserted purpose in bringing this cross-point is to preserve error if this court determines that the take-nothing judgment rendered on Texas American's counterclaim at trial should be remanded to the trial court.

In the instant case, appellants did not attack the take-nothing judgments rendered in favor of Jared or U.S. Development. Appellants have only appealed the award of attorneys' fees against appellants on Texas American's counterclaim.

We have held that the award of attorneys' fees against appellants on the basis of the counterclaim was proper with the exception of those attorneys' fees awarded against Edmonds who was not a party to the counterclaim.

■ As appellee points out, in cases such as this wherein an appellant has attacked only the award of attorneys' fees and not the take-nothing judgment, remand as to the take-nothing judgment is improper. *See George v. Vick*, 686 S.W.2d 99, 100 (Tex.1984) (per curiam).

Accordingly, since we did not reverse or remand as to the take-nothing judgment rendered against Texas American below or as to the attorneys' fees awarded to appellee against Texas American and since remand of this take-nothing issue would be improper, we deem it unnecessary to address the propriety of the trial court's rulings as to the motions of which appellee complains. Appellee's fourth cross-point of error is overruled.

We reverse as to appellants' points of error one, two, three, four, five, six, seven, nine, and eleven. We affirm as to appellants' points of error eight and ten. Appellee's four cross-points of error are overruled. We reverse the award of actual damages in the amount of $179,362.95 together with prejudgment interest and attorneys' fees which was awarded to appellee on its negligent misrepresentation claims against appellant and render judgment that appellee take nothing by that claim. TEX.R.APP.P. 80. We reverse the award of attorneys' fees against William Edmonds which appellee received in relation to the counterclaim brought by Texas American Corporation, but affirm the

award of these attorneys' fees against Texas American Corporation.