

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION[1]

No. 04-18-00918-CV

**IN THE INTEREST OF Z.O.M.** and K.R.M., Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CI09446
Honorable John D. Gabriel, Jr., Judge Presiding

### OPINION ON MOTION FOR REHEARING

Opinion by:     Luz Elena D. Chapa, Justice
Concurring Opinion by: Rebeca C. Martinez, Justice
Concurring and Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: September 30, 2020

MOTION FOR APPELLATE SANCTIONS DENIED, REVERSED AND RENDERED,
MOTION FOR REHEARING DENIED

Appellee's motion for rehearing is denied. On the Court's own motion, the prior Opinion

and judgment are withdrawn, and today's Opinion and judgment are substituted in their stead.

Stephen Matthews and the Bexar County Domestic Relations Office (DRO) appeal an

award of attorney's fees against Matthews in the amount of $17,702. The award was rendered in

---

[1] Under Texas Rule of Appellate Procedure 47.2, this Opinion constitutes the opinion of the court as to the "Appellate Jurisdiction & Appellate Sanctions" section. *See* TEX. R. APP. P. 47.2(a). Otherwise, because no opinion has been approved by a majority of panel as to any other part, there is no other majority opinion of the court.

a child-custody enforcement action the DRO filed against Matthews's ex-wife, Melody Morrison. Morrison argues this court lacks appellate jurisdiction and seeks appellate sanctions. The court reverses the award of attorney's fees, renders a take-nothing judgment on Morrison's request for attorney's fees, and denies Morrison's request for appellate sanctions.

## BACKGROUND

Matthews and Morrison were divorced in 2010. At that time, Matthews and Morrison had two children, Z.O.M. and K.R.M. The divorce decree contained a modified standard possession order appointing Matthews and Morrison as joint managing conservators. The modified standard possession order was later amended, but Matthews and Morrison remained joint managing conservators. Matthews was ordered to pay child support.

### A. The Pleadings

In 2018, under its statutory authority, the DRO filed a motion on its own behalf to enforce the possession order. *See* TEX. FAM. CODE § 203.004(a)(3)(B). In its amended motion, the DRO alleged thirty-five instances in which Morrison failed to comply with the possession order, and sought to enforce the order through contempt. The DRO named Morrison as the sole respondent. Matthews was not a party to the DRO's motion to enforce.

Morrison filed an answer, seeking a denial of the DRO's motion to enforce. At the end of her answer, Morrison moved for sanctions under Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice & Remedies Code. Morrison sought sanctions against not only the DRO, but also Matthews, based on the allegations in the DRO's motion.

### B. The Hearing on the DRO's Motion to Enforce & Final Order

At the hearing on the DRO's motion to enforce, Morrison's counsel testified about attorney's fees. At the close of the hearing, the trial court denied the DRO's motion to enforce, and ruled Morrison, as the prevailing party, would recover her attorney's fees from Matthews, not

the DRO. The trial court signed a final order, denying the DRO's motion and rendering judgment in favor of Morrison and against Matthews for $17,702 in attorney's fees. The order does not specify the basis for the attorney's fees award.

## C. Post-Judgment Proceedings

The DRO filed a motion for new trial, challenging the attorney's fees award on several grounds: (1) the award was an improper sanction; (2) Matthews was not a party to the DRO's motion to enforce; and (3) Matthews was not a party represented by the DRO. The DRO also alleged, for the first time, section 231.211 of the Texas Family Code barred an award of attorney's fees because the action is a Title IV-D case.

Morrison filed a response, arguing the DRO was effectively acting as Matthews's attorney by filing the motion to enforce. She also argued for the first time that section 106.002 of the Texas Family Code authorizes a discretionary award of attorney's fees in actions to enforce a child-custody order. At a hearing on the motion for new trial, the parties disputed the applicability of sections 106.002 and 231.211. The motion was overruled by operation of law. At the DRO's request, the trial court made written findings of fact and conclusions of law. The DRO and Matthews timely filed a joint notice of appeal.

### OVERVIEW OF THE ISSUES

Only the award of attorney's fees is challenged in this appeal. In their briefs and at oral argument, the parties have focused primarily on whether the action is a Title IV-D case for which section 231.211 of the Texas Family Code bars an award of attorney's fees. The DRO and Matthews have also raised other issues challenging the attorney's fees award. As previously noted, Morrison argues this court lacks jurisdiction and seeks appellate sanctions.

The panel unanimously agrees this court has appellate jurisdiction and to deny Morrison's motion for appellate sanctions. A majority[2] concurs in the judgment to reverse the attorney's fees award and to render a take-nothing judgment. I would hold the award of attorney's fees against Matthews was improper because he was not a party to the DRO's motion. Because it appears the Title IV-D issue has been the most significant to the parties and in response to the other opinions, I write separately on this issue.

### APPELLATE JURISDICTION & APPELLATE SANCTIONS

Morrison argues this court lacks jurisdiction because this appeal concerns an order denying a request for contempt. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam) (holding a contempt order is not reviewable by appeal). However, the DRO and Matthews do not appeal the part of the order denying the DRO's motion to enforce. Because only the attorney's fees award is appealed, this court has appellate jurisdiction. *See In re T.L.K.*, 90 S.W.3d 833, 841 (Tex. App.—San Antonio 2002, no pet.).[3] Also, because this appeal is not frivolous, Morrison's request for appellate sanctions is denied. *See* TEX. R. APP. P. 45.

### ATTORNEY'S FEES

The DRO and Matthews argue the trial court erred by awarding attorney's fees against Matthews. They contend: (1) the trial court improperly awarded attorney's fees as a sanction; and (2) section 231.211 of the Texas Family Code bars an attorney's fees award because the action is a Title IV-D case. Morrison disagrees, and argues section 106.002 alternatively supports the award

---

[2] The majority concurring in the judgment are Justice Martinez and myself. Chief Justice Marion would affirm.

[3] The DRO had standing to file the underlying action to enforce the possession and access order. TEX. FAM. CODE § 203.004(a)(3)(B). The suit was also filed under Title V of the Texas Family Code, and "[a]n appeal may be taken by any party to a suit from a final order rendered under this title." *Id.* § 109.002(b). Under these circumstances, the DRO has standing to appeal the attorney's fees award against Matthews. *See In re C.Y.K.S.*, 549 S.W.3d 588, 590 (Tex. 2018) (per curiam) (holding a governmental entity has standing to appeal judgment against a parent in a SAPCR under section 109.002(b) when the agency has standing to file the underlying suit).

of attorney's fees as a discretionary award available in all suits affecting the parent–child relationship (SAPCRs).

## A. Standard of Review

"We review a trial court's award of attorney's fees for an abuse of discretion." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 850 (Tex. 2018). Under our applicable standard of review, a judgment awarding attorney's fees can "be affirmed on any theory of law applicable to the case and supported by the record." *McDowell v. McDowell*, 143 S.W.3d 124, 131 (Tex. App.—San Antonio 2004, pet. denied).

## B. Awarding Attorney's Fees Against Matthews Was an Abuse of Discretion Because He Was Not a Party to the DRO's Motion to Enforce/SAPCR[4]

"Texas has long followed the 'American Rule' prohibiting fee awards unless specifically provided by contract or statute." *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). An award of attorney's fees is proper against only the parties to a claim for which attorney's fees are available. *See Tex. Am. Corp. v. Woodbridge Joint Venture*, 809 S.W.2d 299, 302, 304–05 (Tex. App.—Fort Worth 1991, writ denied).[5] Attorney's fees may not be awarded against a person who is not a party to the claim for which attorney's fees are available.

---

[4] In her motion for rehearing, Morrison argues the DRO and Matthews "did not raise the issue of whether Matthews was . . . a party to the underlying action." However, the appellants' brief argues the attorney's fees award was improper because Matthews did not sign the motion to enforce and was not represented by the lawyer who signed the motion to enforce. If the DRO and Matthews are correct, then it necessarily follows that Matthews was not a party to the motion to enforce, was not a party to the enforcement action, and was only a party for purposes of Morrison's motion for sanctions. Briefs need not use magic words. *See In re I.L.*, 580 S.W.3d 227, 235 (Tex. App.—San Antonio 2019, pet. dism'd). Furthermore, Morrison's argument that the attorney's fees award may be affirmed under section 106.002 of the Texas Family Code incorrectly assumes section 106.002 was a theory of law applicable to the case and supported by the record. *See McDowell*, 143 S.W.3d at 131. Because Morrison did not plead or request attorney's fees under section 106.002 until her response to the motion for new trial, and a discretionary award of attorney's fees was not tried by consent, clearly and separately from her request for attorney's fees as a sanction, our standard of review precludes us from affirming the attorney's fees award under section 106.002, regardless of whether the issue was briefed. *See id.* Alternatively, section 106.002 did not authorize an attorney's fees award against Matthews.

[5] In *Woodbridge*, the court of appeals deleted the award of attorney's fees against an individual because he was not a party to the counterclaim for which attorney's fees were available. 809 S.W.2d at 304; *cf. Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Intern. Corp.*, 418 S.W.3d 172, 203 (Tex. App.—Dallas 2013, pet. denied) (deleting award in favor of a party in the suit who was not a party to the specific claim for which attorney's fees were available).

*Satellite Earth Stations E., Inc. v. Davis*, 756 S.W.2d 385, 387 (Tex. App.—Eastland 1988, writ denied).

Under Chapter 10 and Rule 13, a trial court may award attorney's fees as a sanction against the person who has signed a pleading, "a party represented by the person, or both." TEX. CIV. PRAC. & REM. CODE § 10.004(a); TEX. R. CIV. P. 13; *Citibank, N.A. v. Estes*, 385 S.W.3d 671, 675 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A trial court abuses its discretion by awarding Chapter 10 or Rule 13 sanctions against any other person. *Estes*, 385 S.W.3d at 675. Because Matthews was not a party to the DRO's motion to enforce or the lawyer who signed the motion, which is the only pleading upon which Morrison sought sanctions, Chapter 10 and Rule 13 cannot support an award of attorney's fees.[6]

Although section 106.002 expressly provides a trial court may order an award of attorney's fees and expenses "in" a SAPCR, no part of section 106.002 specifically provides attorney's fees may be awarded against a person who is not a party in the SAPCR. TEX. FAM. CODE § 161.002(b). Thus, under the American Rule, attorney's fees may not be awarded against a nonparty to the SAPCR under section 106.002. *See MBM Fin. Corp.*, 292 S.W.3d at 669. Although this court has stated section 106.002 "does not designate ***to which party*** fees may be awarded, nor does it limit the trial court's designation" (emphasis added), this court in *In re R.E.S.* did not hold that a trial

---

[6] At the hearing, the DRO's attorney announced she was the DRO's attorney of record. The trial court then asked the DRO's attorney, "And you represent?" The DRO's attorney responded, "On behalf of Stephen Matthews." Viewed in isolation, counsel's response appears to suggest she was also counsel for Matthews. Because counsel had just stated she was the DRO's attorney, it appears from context that, by "you," the trial court was referring to the DRO, and asking whose interests the DRO was representing in the enforcement action, which was a public suit to enforce a child custody order. *See* TEX. FAM. CODE § 203.004(a)(3)(B). The trial court also was presumably aware the DRO lacked authority to act as Matthews' counsel in the case. *See id.* § 203.004(a). While it is also possible Matthews retained the DRO's attorney, in her individual capacity, to represent him and respond to the motion for sanctions, the issue is whether the DRO's attorney was acting as counsel for Matthews when she signed the motion to enforce. Nothing in the record establishes she was.

court's discretion is so unfettered that it may render an award of attorney's fees ___against___ a ___nonparty___. _See_ 482 S.W.3d 584, 586 (Tex. App.—San Antonio 2015, no pet.) (emphasis added).

Texas "courts have long held that a 'party' is one by or against whom a suit is brought while all others who may be incidentally or consequentially affected were 'persons interested' but not parties." _In re E.L.P._, 636 S.W.2d 579, 581 (Tex. App.—San Antonio 1982, no writ). Although parents of a child may be "persons interested" in a SAPCR involving the child, the child's parents are not automatically parties to the case. _See Tristan v. Castillo_, Nos. 04-05-00658-CV, 04-06-00041-CV, 2007 WL 752203, at *2 (Tex. App.—San Antonio Mar. 14, 2007, no pet.) (mem. op.). "In _Gunn_, the biological father of a child was neither named a party to an adoption proceeding nor issued citation. The Supreme Court denied his writ of error because he was not a party to the proceedings below, and the exception of virtual representation did not apply." _Id._ (footnote omitted) (discussing _Gunn v. Cavanaugh_, 391 S.W.2d 723 (Tex. 1965)). Matthews was an interested person for purposes in the SAPCR, but he was not party "in" the SAPCR. The virtual representation doctrine also does not apply because the DRO is not bound by the attorney's fees judgment, and the record does not establish any privity of estate, title, or interest between Matthews and the DRO. _See BASF Fina Petrochemicals Ltd. v. H.B. Zachry Co._, 168 S.W.3d 867, 870 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Section 106.002 does not support the attorney's fees award against Matthews.

Matthews was not a party to the DRO's motion to enforce or a party "in" the SAPCR. Although the parties dispute whether the trial court awarded attorney's fees as a sanction under Chapter 10 and Rule 13, or as a discretionary award under section 106.002, this dispute is immaterial because each provision authorizes attorney's fees only against a party or the party's attorney. By awarding attorney's fees against Matthews, who is not a party to the motion to enforce

or in the SAPCR or any party's lawyer, the award of attorney's fees against Matthews was an abuse of discretion. *See Estes*, 385 S.W.3d at 675.

## C. The Title IV-D Issue

The parties have primarily disputed whether Texas Family Code section 231.211 barred the attorney's fees award against Matthews because the action is "a Title IV-D case." Section 231.211 provides:

> At the conclusion of *a Title IV-D case*, the court may assess attorney's fees and all court costs as authorized by law against the nonprevailing party, except that the court may not assess those amounts against the Title IV-D agency or a private attorney or political subdivision that has entered into a contract under this chapter or any party to whom the agency has provided services under this chapter.

TEX. FAM. CODE § 231.211(a) (emphasis added). This court appears to be presented with two extreme options of holding a child-custody enforcement action filed by a DRO is either always a Title IV-D case or never a Title IV-D case.

It appears that whether a child-custody enforcement action filed by a DRO is a Title IV-D case depends on the circumstances. An action is a Title IV-D case if the "action relate[s] to the services . . . authorized . . . under Section 231.101." TEX. FAM. CODE § 101.034.[7] Section 231.101 authorizes "all" Title IV-D services:

> (a)  The Title IV-D agency *may* provide *all* services required or *authorized* to be provided by [Title IV-D] of the federal Social Security Act (42 U.S.C. Section 651 et seq.), *including*:
> (1) parent locator services;
> (2) paternity determination;
> (3) child support, medical support, and dental support establishment;
> (4) review and adjustment of child support orders;
> (5) enforcement of child support, medical support, and dental support orders; and
> (6) collection and distribution of child support payments.

---

[7] The "Title IV-D agency" must be the entity providing services, but when the DRO is providing Title IV-D services, the DRO is considered the Title IV-D agency. *See In re Office of Atty. Gen.*, 422 S.W.3d 623, 625 n.1 (Tex. 2013, orig. proceeding). Thus, this issue ultimately turns on whether the DRO was providing authorized Title IV-D services in this case. *See id.*; *see* TEX. FAM. CODE § 231.211(a).

*Id.* § 231.101(a) (emphasis added). Although section 231.101 "includ[es]" six specific services, "includes" is a "term of enlargement, not of limitation," and section 231.101 plainly authorizes "all" services authorized by Title IV-D. *Id.*; *In re E.C.R.*, 402 S.W.3d 239, 246 n.6 (Tex. 2013). Title IV-D, in turn, authorizes state programs that "facilitate noncustodial parents' access to and visitation of their children, by means of . . . visitation enforcement." 42 U.S.C. § 669b(a), (e).

Title IV-D's visitation enforcement services are part of a federal grant program in which states receive funds to enforce child support obligations. *See id.* § 651. Congress adopted this Title IV-D grant program in the 1996 Personal Responsibility & Work Opportunity Reconciliation Act of 1996, PL 104-193, 110 Stat 2105 (Aug. 22, 1996). Although Title IV-D is primarily focused on child support enforcement, child support enforcement and access and visitation programs are heavily intertwined. *Child Support Enforcement Program; Grants to States for Access and Visitation Programs: Monitoring, Evaluation, and Reporting*, 63 FED. REG. 15351-01 (proposed Mar. 31, 1998), 1998 WL 140546 (codified at 45 C.F.R. § 303.109).

"Consistent with federal law," Texas has also authorized the Office of the Attorney General (OAG), Texas's Title IV-D agency, to execute governor-approved agreements with other governmental entities "to enforce an order providing for possession of or access to a child" using Title IV-D grant funds for visitation enforcement. TEX. FAM. CODE § 231.002(d). Texas law further authorizes the OAG to "enter into agreements or contracts with federal, state, or other public or private agencies or individuals for the purpose of carrying out the agency's responsibilities under federal or state law." *Id.* § 231.002(c). The clear purpose of section 231.211 is to ensure federal Title IV-D funds are used for "wide-ranging involvement in Title IV-D litigation," not for awards of attorney's fees and court costs. *See C.Y.K.S.*, 549 S.W.3d at 592.[8]

---

[8] The U.S. Office of the Administration of Children & Families has ruled, "Attorneys' fees for . . . defending child support obligors or accused [parents] serves no legitimate IV-D purpose, and therefore, funding for such costs is not

Not all counties are required to have an agreement with the OAG under which the county's DRO provides services under Title IV-D. *See* TEX. FAM. CODE § 203.005(a)(2). Even without such an agreement and without Title IV-D grant funds for visitation enforcement, a DRO may "file a suit [to] enforce a court order for . . . possession of and access to a child." *See id.* § 203.004(a)(3). Such services may be funded by funds from fees and county appropriations, rather than Title IV-D grant funds pursuant to a contract with the OAG. *See id.* §§ 203.005(a), 203.006(a)–(c).

Whether a child-custody enforcement action filed by a DRO is a Title IV-D case appears to depend on whether the DRO's county has entered into a contract with the OAG authorizing the county to provide visitation enforcement services under Title IV-D. *See id.* §§ 231.002(c), 231.211(a). Because a party may rely on evidence of a contract with the OAG to avoid liability for attorney's fees in some cases, and the existence of such a contract need not be proved to obtain attorney's fees under section 106.002, Chapter 10, or Rule 13, the DRO had the burden to establish the action was a Title IV-D case at or before the merits hearing. *See* TEX. R. CIV. P. 94; *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 157 (Tex. 2015). The DRO raised this issue for the very first time in its motion for new trial.

The DRO presented no evidence of a contract with the OAG at the motion for new trial hearing, and asks this court to take judicial notice of OAG webpages appearing to show the DRO provides Title IV-D visitation enforcement. But "appellate courts are reluctant to take judicial notice of matters that go to the merits of a dispute." *Creaven v. Creaven*, 551 S.W.3d 865, 872 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Although I cannot say the trial court erred by rejecting the DRO's argument that section 231.211(a) bars an award of attorney's fees, the award

---

an allowable IV-D expense." *Final Rule: Prohibition of Federal Funding for Costs of Guardians Ad Litem in IV-D Actions*, AT-92-10, Nov. 20, 1992, https://www.acf.hhs.gov/css/resource/final-rule-prohibition-federal-funding-costs-of-guardians-ad-litem.

of attorney's fees remains improper because Matthews was not a party to the DRO's motion and SAPCR.

## CONCLUSION

This court reverses the award of attorney's fees against Matthews and renders[9] a take-nothing judgment on Morrison's request for attorney's fees. Morrison's motion for appellate sanctions is denied. This court does not disturb the part of the trial court's order denying the DRO's motion to enforce.

Luz Elena D. Chapa, Justice

---

[9] Although Matthews and the DRO ask that we remand in the interests of justice, Morrison makes no similar request. *See* TEX. R. APP. P. 38.1(i). The trial court made no findings that would otherwise support an award of attorney's fees under any statute, and the final order reflects the trial court purposefully deciding against awarding attorney's fees against the DRO.