**Alphonsus O. EZEOKE, Appellant,**

v.

**Cynthia TRACY, Appellee.**

**No. 14–10–00153–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 4, 2011.

---

Alphonsus O. Ezeoke, Stafford, pro se.

Cynthia Brown Tracy, Houston, pro se.

Panel consists of Justices BROWN, BOYCE, and JAMISON.

## OPINION

WILLIAM J. BOYCE, Justice.

Alphonsus O. Ezeoke appeals from an order awarding attorney's fees and expenses as sanctions against him and in favor of Cynthia Tracy. We reverse and remand.

## BACKGROUND

This appeal arises from litigation in which attorney Ezeoke represented Jossie Herrera and attorney Tracy represented Natanael Herrera.

Jossie and Natanael Herrera were divorced on April 2, 2008. Acting on Natanael Herrera's behalf, Tracy filed a Motion to Modify the Parent–Child Relationship and a Motion to Confirm Child Support Arrears on April 8, 2009. Acting on Jossie Herrera's behalf, Ezeoke filed an Amended Motion to Deny Relief in Suit Affecting Parent–Child Relationship on May 14, 2009. Tracy contends that Ezeoke did not serve this pleading on her or her client on the day reflected in the certificate of service.

The attorneys exchanged numerous communications between May and December 2009. An unsuccessful mediation was held on May 27, 2009. The trial court issued a scheduling order on June 23, 2009, which included notice of a January 11, 2010 trial setting. The scheduling order also included a notice requiring mediation to be completed before the final trial on the merits scheduled for January 11, 2010. Tracy contends that she attempted without success on multiple occasions in November and December 2009 to communicate with Ezeoke to schedule mediation. On December 7, 2009, Tracy filed an Opposed Motion to Compel Mediation and set the motion for hearing on January 6, 2010.

Ezeoke filed a motion on December 18, 2009 seeking a continuance of (1) the hearing on Tracy's motion to compel mediation set for January 6, 2010; and (2) the January 11, 2010 trial setting. Ezeoke filed a supporting affidavit in which he stated, "This case is scheduled for mediation and trial because of the attitude of Cynthia Tracy and her office and the continued unprofessional and megalomaniacal [sic] attitude of Ms. Tracy towards me. This case should not even be at this stage but for the attitude of Ms. Tracy." He further stated, "[T]he only way to stop the nonsense and the egos involved in this case is for the Court to intervene and settle this case for the parties without the attorneys' egos as impediment."

Ezeoke's affidavit in support of the motion for continuance also stated that he would be leaving the United States on December 19, 2009 and traveling to Nigeria to fulfill certain obligations in his home town. Ezeoke's affidavit stated that he would return to the United States on January 15, 2010, and that he had retained an attorney to appear on his behalf in connection with the hearing on the motion for continuance.

Tracy filed a First Amended Motion for Sanctions Including For Failure to Serve and Response to Motion for Continuance on January 4, 2010, in which she invoked the trial court's authority to impose sanctions based on (1) the trial court's inherent power; (2) Chapter 10 of the Civil Practice and Remedies Code relating to signing of pleadings and motions; and (3) Texas Rule of Civil Procedure 21b relating to sanctions for failure to serve copies of pleadings, which incorporates by reference the

sanctions available under Rule 215.2(b).[1] Tracy did not invoke Rule 13 in her January 4, 2010 sanctions motion, and on appeal she disclaims any reliance upon Rule 13. The motion includes a certificate of service in which Tracy certified that "a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on January 4, 2010." The motion also includes a notice of hearing on the first amended motion for sanctions at 10:00 a.m. on January 11, 2010.

The trial court conducted a hearing on Ezeoke's motion for continuance on January 6, 2010. An attorney hired by Ezeoke appeared at this hearing; Ezeoke did not. The trial court denied the continuance on that date, and also signed an order directing the parties to attend mediation on January 7, 2010. The attorney hired by Ezeoke signed the mediation order "approved as to form only" on behalf of Ezeoke. Neither Ezeoke nor his client Jossie Herrera appeared at the mediation on January 7, 2010.

Tracy's January 4, 2010 sanctions motion asserted that Ezeoke (1) failed to serve a copy of the Amended Motion to Deny Relief in Suit to Modify the Parent–Child Relationship when it was filed on May 14, 2009, as represented in the certificate of service; and (2) filed a Motion for Continuance on December 18, 2009, which contained personal attacks on Tracy, for improper purposes including harassment, delay, and increasing the cost of litigation.

Among other things, Tracy asked the trial court to award "reasonable attorney's fees in the amount of at least $1,500 ...."

The trial court conducted a hearing on the sanctions motion on January 11, 2010. Tracy was present at the hearing, along with Jossie Herrera. Ezeoke was not present, and no attorney appeared on his behalf.

At the January 11, 2010 hearing, Tracy summarized her contentions regarding the conduct prompting her request for sanctions. Tracy asserted that this conduct involved "an ongoing pattern of misrepresentation and misciting the facts to the Court...." She summarized her contentions regarding the two matters raised in her January 4, 2010 motion—namely, Ezeoke's conduct in connection with failing to serve the Amended Motion to Deny Relief in Suit to Modify the Parent–Child Relationship on May 14, 2009, and the filing of the Motion for Continuance on December 18, 2009.

Tracy raised two additional complaints at the January 11, 2010 sanctions hearing regarding Ezeoke's conduct in (1) failing to appear at mediation on January 7, 2010; and (2) causing Tracy to wait in court for an hour in June 2009 while Ezeoke attempted to demonstrate to the court that he had a valid vacation letter on file. The trial court admitted all exhibits proffered by Tracy and took judicial notice of the entirety of the court's file during the hear-

1. On May 11, 2009, Tracy filed an Answer to Motion to Deny Relief in Suit to Modify Parent–Child Relationship and Request for Sanctions. In that pleading, Tracy contended sanctions were warranted because Ezeoke falsely alleged that the suit to modify was filed within one year after the rendition of the order sought to be modified. Tracy filed a First Amended Answer to Motion to Deny Relief in Suit to Modify Parent–Child relationship and Request for Sanctions on June 3, 2009. In this pleading, Tracy contended sanctions were warranted because Ezeoke (1) falsely alleged that the motion to modify was filed within one year after rendition of the order sought to be modified; and (2) failed to serve a copy of an Amended Motion to Deny Relief in Suit to Modify Parent–Child relationship when it was filed on May 14, 2009. There is no indication in the appellate record that the trial court ruled on either of the two earlier sanctions requests.

ing. Jossie Herrera testified that she had not been notified of the mediation scheduled for January 7, 2010.

Tracy requested an award of $3,081.58 in attorney's fees and expenses at the sanctions hearing, and submitted a supporting spreadsheet as an exhibit. This amount consists of (1) $2,074.34 attributed to correspondence, a motion, a proposed order, a hearing, and a no-show fee related to the mediation scheduled for January 7, 2010; (2) $757.24 attributed to preparation and presentation of the January 4, 2010 motion for sanctions, and preparation of the sanctions order; and (3) $250 attributed to time lost due to Ezeoke's "misrepresentation on vacation letter" in June 2009.[2]

The trial court signed an order on January 11, 2010 in which it assessed sanctions against Ezeoke individually and directed him to pay $3,081.58 in attorney's fees and expenses as requested to "Cynthia B. Tracy, Attorney at Law, P.C." The trial court found good cause to sanction Ezeoke because he

- failed to "comply with the Local Rules of Harris County requiring the parties to attend mediation prior to trial set for January 11, 2010," which necessitated a motion to compel mediation, and failed to appear at mediation on January 7, 2010;
- made "misrepresentations on June 5, 2009 to the court about having a vacation letter on file for a time period he stated he was unavailable, causing an additional delay in the proceedings when he had no vacation letter in Harris County on file for that time period;"

- failed to serve a copy of the Amended Motion to Deny Relief in Suit to Modify the Parent–Child Relationship on May 14, 2009; and
- filed a motion for continuance on December 18, 2009 that included "unfounded accusations, misrepresentations, and name-calling of opposing counsel," and that was "without merit since Alphonsus Ezeoke had failed to file a vacation letter with Harris County for that time period and had knowledge of the trial setting since July 7, 2009."

The trial court also made three specific findings in support of its sanctions award: (1) the motion for continuance was "signed in violation of Texas Civil Practice & Remedies Code Section 10.001 and contrary to the principles set for[th] in the Texas Lawyer's Creed;" (2) the motion for continuance was "brought for an improper purpose, including harassment, delay, and/or has increased the costs of this litigation;" and (3) "[t]here is a direct relationship between the sanctions imposed and the offensive conduct."

The trial court also signed an Agreed Order in Suit to Modify Parent–Child Relationship on January 11, 2010. The agreed order states that Jossie Herrera "appeared in person, and released her attorney of record, Alphonsus O. Ezeoke, as her attorney who did not appear for trial after being duly notified."

On January 28, 2010, Ezeoke filed a Motion for New Hearing on Attorney Cynthia Tracy's Motion for Sanctions and a notarized affidavit signed by Ezeoke. The motion contains a "verification" signed by Ezeoke, but the "verification" is not nota-

---

2. As filed, the January 4, 2010 motion sought sanctions against both Ezeoke and his client, Jossie Herrera. During the hearing on January 11, 2010, Tracy clarified that she sought sanctions solely on behalf of her professional corporation, "Cynthia Tracy, Attorney-at-Law, P.C.," and not on behalf of her client. Tracy also clarified that she was requesting sanctions solely against Ezeoke individually and not against his client, Jossie Herrera.

rized. Among other things, Ezeoke's affidavit states that he bought tickets for travel from Houston to Nigeria to attend to certain obligations in his home town. Ezeoke attached a copy of an itinerary from Emirates Airline indicating that Ezeoke left Houston for Nigeria on December 21, 2009 and returned to Houston on January 17, 2010. Ezeoke contended that sanctions were not warranted because

- Tracy failed to establish that the standards for awarding sanctions were met;
- "the Court and Ms. Tracy were aware that Mr. Ezeoke was out of the country" when the January 4, 2010 motion for sanctions was filed and when it was heard on January 11, 2010;
- the motion for continuance was not brought for an improper purpose;
- Ezeoke's statements in the motion for continuance criticizing Tracy "are factually correct" and "completely true" because Tracy "has been a complete impediment to the settlement of this case" and her "unprofessional attitude is unquestionable;"
- Ezeoke did not make misrepresentations to the trial court on June 5, 2009 about having a vacation letter on file for a time period during which he said he was unavailable;
- Ezeoke served Tracy with the Amended Motion to Deny Relief in Suit to Modify Parent–Child Relationship by handing a copy of this pleading to a mediator on May 27, 2009, who in turn handed it to Tracy;
- the previous mediation on May 27, 2009 was unsuccessful;
- Ezeoke and his client Jossie Herrera did not receive sufficient notice of the January 7, 2010 mediation and did not have enough time to attend because the order compelling mediation on January 7, 2010 was signed on January 6, 2010, while Ezeoke was out of the country;
- the January 4, 2010 motion for sanctions did not include failure to mediate as one of the grounds for seeking sanctions;
- the amount awarded for attorney's fees and expenses is excessive;
- "[t]he Sanction was filed after the Petitioner was sure that the Respondent's attorney was out of the country and was sure that the motion for sanctions would be granted by default;" and
- Ezeoke received insufficient notice of the hearing on the motion for sanctions.

A hearing on the motion for rehearing was held on February 4, 2010 before a judge other than the one who signed the January 11, 2010 sanctions order. Ezeoke and Tracy both were present; no transcript of that hearing has been included in the record on appeal. An order denying the motion for reconsideration was signed on February 4, 2010. Ezeoke timely appealed.

Ezeoke challenges the January 11, 2010 sanctions order in four issues on appeal. Ezeoke contends that the trial court erred in sanctioning him because (1) sanctions are not warranted, the applicable standards have not been satisfied, insufficient notice was provided, and the amount of sanctions is excessive; (2) sanctions are not appropriate based on his statements about opposing counsel because those statements are a truthful personal opinion; (3) the trial court erred in finding that Ezeoke failed to serve the Amended Motion to Deny Relief in Suit to Modify Parent–Child Relationship; and (4) a failure to mediate does not justify sanctions because Tracy did not complain of that conduct in

her sanctions motion.[3]

## ANALYSIS

### I. Sanctions Standards

The trial court's imposition of sanctions rests on its invocation of (1) its inherent authority to impose sanctions; (2) Chapter 10 of the Civil Practices and Remedies Code, which authorizes sanctions against an attorney who signs a pleading and submits it for improper purposes such as harassment, unnecessary delay, or needless increase in the cost of litigation; and (3) Rule 21b relating to failure to serve pleadings, which incorporates by reference the penalties available under Rule 215.2(b). *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 10.001–.006 (Vernon 2002); Tex.R. Civ. P. 21b; 215.2(b).

▬▬ Trial courts have inherent power to impose sanctions for bad faith abuse of the judicial process even when the targeted conduct is not expressly covered by a rule or statute. *See, e.g., Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398–99 (Tex. 1979). The exercise of this inherent power is reviewed for abuse of discretion. *McWhorter v. Sheller,* 993 S.W.2d 781, 788–89 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). The scope of a trial court's discretion in this context is limited by the recognition that this power "exists to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the traditional core functions of Texas courts." *Id.* at 789 (citing *Kutch*

*v. Del Mar College,* 831 S.W.2d 506, 509–10 (Tex.App.-Corpus Christi 1992, no writ)). "Accordingly, for inherent power to apply, there must be some evidence and factual findings that the conduct complained of significantly interfered with the court's legitimate exercise of one of these powers." *Id.* The core functions of Texas courts subject to protection by the inherent power to sanction encompass " 'hearing evidence, deciding issues of fact raised by the pleadings, [and] deciding questions of law....' " *Trevino v. Ortega,* 969 S.W.2d 950, 958 (Tex.1998) (Baker, J., concurring) (quoting *Kutch,* 831 S.W.2d at 510; *see also Kutch,* 831 S.W.2d at 510 (additional core functions of the judiciary include entering final judgment and enforcing judgment).

▬▬ Imposition of sanctions under Chapter 10 also is reviewed for abuse of discretion. *Low v. Henry,* 221 S.W.3d 609, 614 (Tex.2007). "To determine if the sanctions were appropriate or just, the appellate court must ensure there is a direct nexus between the improper conduct and the sanction imposed." *Id.* (citing *Spohn Hosp. v. Mayer,* 104 S.W.3d 878, 882 (Tex. 2003), and *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex. 1991)). The nexus requirement ensures that the sanction is "directed against the abuse and toward remedying the prejudice caused [to] the innocent party." *TransAmerican,* 811 S.W.2d at 917. Additionally, the sanction must not be excessive. *Id.* The two-prong inquiry into whether a nex-

---

**3.** As a threshold matter, we reject Tracy's contention that Ezeoke waived all challenges to the imposition of sanctions because he did not object to the imposition of sanctions before or at the sanctions hearing. The motion for sanctions was filed on January 4, 2010, and the hearing was held on January 11, 2010. It is undisputed on this record that Ezeoke was out of the country until mid-January. Under these circumstances, Ez-

eoke's timely "Motion for a New Hearing on Attorney Cynthia Tracy's Motion for Sanctions" filed on January 28, 2010 sufficed to preserve his challenges to the imposition of sanctions. *See Howell v. Tex. Workers' Comp. Comm'n,* 143 S.W.3d 416, 450 (Tex.App.-Austin 2004, pet. denied); *Kiefer v. Cont'l Airlines, Inc.,* 10 S.W.3d 34, 41 (Tex.App.-Houston [14th Dist.] 1999, pet. denied).

us exists and whether the sanction is excessive applies as well to sanctions imposed under Rule 215.2(b). *Spohn Hosp.*, 104 S.W.3d at 882.

## II. Application of Standards

### A. Inherent Power to Impose Sanctions

■ The trial court imposed sanctions based in part on its findings that Ezeoke failed to comply with local rules requiring the parties to attend mediation before trial; failed to appear at mediation on January 7, 2010; and made oral misrepresentations to the court in June 2009 about having a vacation letter on file for a time period he stated he was unavailable. Chapter 10, Rule 21b, and Rule 215.2(b) do not apply to this conduct because it does not pertain to signing or filing pleadings; serving pleadings; or discovery. Therefore, inherent power is the only permissible basis invoked by the trial court for sanctioning Ezeoke for this conduct.

The January 11, 2010 order does not meet the requirements for imposing sanctions pursuant to the trial court's inherent power because the order makes no findings that Ezeoke's conduct significantly interfered with the court's legitimate exercise of core functions such as hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, entering final judgment, or enforcing a judgment. *See McWhorter*, 993 S.W.2d at 789 (reversing imposition of sanctions pursuant to inherent power when "no such finding was made" addressing core functions). Without such findings, the January 11, 2010 order cannot be affirmed based on the trial court's invocation of its inherent power to impose sanctions.

### B. Rule 215.2(b)

■ The trial court relied on Rule 21b and Rule 215.2(b) in sanctioning Ezeoke

for failing to serve a copy of the Amended Motion to Deny Relief in Suit to Modify the Parent–Child Relationship on May 14, 2009. However, there is no nexus between this conduct and any amount encompassed by the trial court's award of $3,081.58 in attorney's fees and expenses. None of the fees or expenses detailed in the spreadsheet admitted into evidence as Exhibit 38 during the January 11, 2010 sanctions hearing are attributed to this conduct. The January 11, 2010 sanctions order awards only attorney's fees and expenses; it does not award any amounts purely as a penalty. And unlike Chapter 10, no provision in Rule 21b or Rule 215.2(b) references an award of expenses and attorney's fees incurred by the prevailing party in presenting a motion for sanctions. *See* Tex. Civ. Prac. & Rem.Code § 10.002(c). Because there is no nexus between the amount awarded and this targeted conduct, the failure to effect timely service of this pleading does not support the trial court's January 11, 2010 sanctions order. *See Spohn Hosp.*, 104 S.W.3d at 882.

### C. Civil Practice and Remedies Code Chapter 10

■ The trial court invoked Chapter 10 in sanctioning Ezeoke for filing a motion for continuance on December 18, 2009 that included "unfounded accusations, misrepresentations, and name-calling of opposing counsel," and that was "without merit since Alphonsus Ezeoke had failed to file a vacation letter with Harris County for that time period and had knowledge of the trial setting since July 7, 2009." The trial court specifically found that (1) the motion for continuance was "signed in violation of Texas Civil Practice & Remedies Code Section 10.001 and contrary to the principles set for[th] in the Texas Lawyer's Creed;" (2) the motion for continuance was "brought for an improper pur-

pose, including harassment, delay, and/or has increased the costs of this litigation;" and (3) "[t]here is a direct relationship between the sanctions imposed and the offensive conduct."

Ezeoke contends, among other things, that he did not receive the notice required under section 10.003 because the motion for sanctions was served and the sanctions hearing was held while he was out of the country. *See* Tex. Civ. Prac. & Rem.Code Ann. § 10.003 ("The court shall provide a party who is the subject of a motion for sanctions under Section 10.002 notice of the allegations and a reasonable opportunity to respond to the allegations."). Tracy contends that Ezeoke has not rebutted the prima facie evidence of service established by her certificate of service on the sanctions motion because (1) the denial of notice in Ezeoke's unverified motion for rehearing is ineffective, and (2) Ezeoke's affidavit in support of his motion for rehearing does not deny notice or receipt of service.

We need not choose between these positions because the January 11, 2010 sanctions order does not satisfy section 10.003 even if it is assumed that Ezeoke had notice of the January 4, 2010 motion for sanctions and the January 11, 2010 sanctions hearing. Section 10.003 requires not just notice, but also a "reasonable opportunity to respond to the allegations." The uncontroverted record establishes that Ezeoke (1) had given prior notice of his absence from the country during the time period when the sanctions hearing was held; (2) was in fact out of the country; and (3) returned to the United States as scheduled shortly after the hearing was held. There is no indication in the record that Ezeoke purposefully evaded the sanctions hearing, which was noticed after his announced departure for a date before his scheduled return. These circumstances do not demonstrate that a "reasonable opportunity to respond to the allegations" was provided before sanctions were imposed.

■■■ We express no opinion about the legitimacy of the reasons Ezeoke gave to explain his absence and justify his departure for Nigeria without first having obtained a ruling on his motion for continuance. Depending on the circumstances, a lawyer's purposeful absence despite a known court setting may or may not warrant sanctions. A lawyer who gambles by requesting a continuance and then leaving the country before the request has been ruled on reasonably can anticipate adverse consequences. But if sanctions are requested and considered, and if the record discloses no reason why the absent lawyer cannot be afforded a reasonable opportunity to respond and to participate in a sanctions hearing upon his scheduled return, then the imposition of sanctions *in absentia* is as much a cause for concern as the unexcused absence itself. *Cf. Low*, 221 S.W.3d at 618 (absent attorney was represented by counsel at sanctions hearing).[4]

Because Ezeoke was not afforded the "reasonable opportunity to respond" required by section 10.003, the January 11, 2010 sanctions order cannot be upheld based on the trial court's invocation of Chapter 10. A remand for proceedings in conformity with section 10.003 is warranted.[5]

---

4. This concern is not diminished by the fact that a hearing on Ezeoke's motion for rehearing was held on February 4, 2010 in front of a different judge. A "reasonable opportunity to respond" to a sanctions request contemplates something more than the chance to ask one trial court judge to reverse sanctions that already have been imposed by another trial court judge.

5. In light of this remand, we express no opinion regarding (1) the trial court's finding that

## CONCLUSION

The trial court's January 11, 2010 sanctions order is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Ezeoke included "unfounded accusations, misrepresentations, and name-calling of opposing counsel" in the motion for continuance; or (2) Ezeoke's contentions on appeal regarding this finding. This issue should be addressed in the first instance on remand in conformity with section 10.003.