**Reversed and Remanded and Opinion filed October 30, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00918-CV

---

### CITIBANK N.A. AND ALLEN L. ADKINS, Appellants

### V.

### DON M. ESTES, Appellee

---

**On Appeal from County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. CV-0064944**

---

### O P I N I O N

In three issues, appellants Citibank, N.A. and its attorney Alan L. Adkins complain of an order sanctioning Adkins and dismissing the underlying case. We reverse the dismissal order and remand the matter for proceedings consistent with this opinion.

### *Background*

Citibank filed the underlying case in an attempt to collect delinquent outstanding balances on two credit card accounts held by Don Estes. After numerous attempts to

serve Estes personally with the citation and petition, Citibank filed a motion for substituted service and proposed order authorizing substituted service pursuant to Rule of Civil Procedure 106. The trial court granted the motion, but entered its own order authorizing substituted service that had requirements in addition to those enumerated in the proposed order.[1] The court clerk then informed Citibank's process server that a new citation and return of service could be obtained from the clerk's office. The process server failed to obtain a copy of the trial court's order and assumed the proposed order had been signed. The process server therefore served Estes in accordance with the proposed order. Neither Citibank nor Adkins (nor his office) obtained a copy from the trial court of the order authorizing substituted service. Adkins attested that he and Citibank also did not know about the order.

Adkins's colleague thereafter filed a motion for default judgment on behalf of Citibank. The trial court denied the motion, finding "substituted service ha[d] not been strictly complied with." The process server's affidavit of personal service, which had been filed with the court, was incorrect. The process server subsequently filed a corrected affidavit. Thinking the incorrect affidavit had prompted trial court's denial of the motion for default judgment, Adkins's colleague filed a second motion for default judgment. The trial court again denied the motion, this time "admonish[ing Citibank] to cease filing groundless Motions for Default; the next of which sanctions shall lie." The process server then filed a second corrected affidavit. Adkins's colleague filed a third motion for default judgment, again thinking the corrected affidavit had alleviated any deficiencies in the second motion for default judgment. The trial court subsequently entered an order dismissing the underlying case and sanctioning Adkins "$500 . . . to be

---

[1] The proposed order would have allowed substituted service by leaving copies of the citation and petition with anyone over sixteen-years-old at Estes's abode or by affixing copies of the citation and petition on the front door of Estes's abode. The trial court ordered, in addition, service by certified mail, return receipt requested, and regular mail, and specified several requirements involving the return of service. Rule 106 allows substituted service by (1) leaving copies of the citation and petition with anyone over sixteen-years-old at the defendant's place of business or abode or (2) "in any other manner that the . . . evidence before the court shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b).

2

paid to the Galveston Mediation Fund within fifteen . . . days." After learning about the sanctions order, Adkins discovered that the trial court had entered its own order authorizing substituted service in lieu of the proposed order and obtained a copy. Adkins then filed on behalf of Citibank an objection to and motion to reconsider sanctions. After a hearing, the trial court denied the objection and motion. Citibank perfected its appeal. Adkins was not an appellant listed on the notice of appeal, but he subsequently amended the notice of appeal to add himself as a party after this court granted leave for him to do so.

### *Discussion*

Appellants contend in three issues that the trial court (1) abused its discretion by imposing sanctions against Adkins because he did not sign the allegedly groundless pleadings, by ordering Adkins to pay sanctions to a third party, and by failing to hold a sanctions hearing before imposing sanctions; (2) abused its discretion by imposing excessive sanctions; and (3) violated Citibank's right to due process of law under the United States Constitution by failing to notify Citibank of the order authorizing substituted service and failing to hold a hearing before imposing sanctions.

The decision to impose a sanction is left to the discretion of the trial court and will be set aside only upon a showing of abuse of discretion. *McWhorter v. Sheller*, 993 S.W.2d 781, 788 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or whether, under the circumstances of the case, the trial court's action was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). To determine if the sanctions were appropriate or just, the appellate court must ensure there is a direct nexus between the improper conduct and the sanction imposed. *Id.* Additionally, the sanction must not be excessive. *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

The trial court did not specify the legal basis for its sanctions order, so we begin our review by identifying all the potential legal bases for the order. *See Sprague v.*

*Sprague*, 363 S.W.3d 788, 803 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (identifying basis for trial court's sanctions order among potential bases). Chapter 10 of the Civil Practice and Remedies Code authorizes sanctions against one who signs a frivolous pleading or motion, his client, or both, and Texas Rule of Civil Procedure 13 permits sanctions against one who signs a groundless pleading or motion, his client, or both. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001, 10.004; Tex. R. Civ. P. 13. Moreover, trial courts have inherent power to impose sanctions for bad faith abuse of the judicial process even when the targeted conduct is not expressly covered by a rule or statute.[2] *Ezeoke v. Tracy*, 349 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The trial court sanctioned Citibank and Adkins for filing "groundless" motions for default and "needlessly wast[ing the] Court's time as well as . . . needlessly interfer[ing] with the legitimate administration of justice." We conclude that in imposing sanctions, the trial court may have relied on Chapter 10 of the Civil Practice and Remedies Code, Rule of Civil Procedure 13, its inherent power, or all three.

Chapter 10 allows a court "on its own initiative [to] enter an order describing the specific conduct that appears to violate Section 10.001 and direct the alleged violator to show cause why the conduct has not violated that section." Tex. Civ. Prac. & Rem. Code § 10.002(b). The trial court then may determine that a person has signed a pleading or motion in violation of Section 10.001 and "impose a sanction on the person, a party represented by the person, or both." *Id.* § 10.004(a). "The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated." *Id*. § 10.004(b). For a violation of Rule 13, a trial court may, "after notice and hearing," impose a sanction allowable under Rule 215. Tex. R. Civ. P. 13. Rule 215 allows a trial court to sanction a person, "after notice and hearing," by

---

[2] Sanctions are also available under Chapter 9 of the Civil Practice and Remedies Code in certain suits for damages, but that statute does not apply to actions, such as this one, in which no party asserts a tort claim or a claim for damages based upon personal injury, property damage, or death. *See* Tex. Civ. Prac. & Rem. Code § 9.002. Discovery abuses also can result in sanctions, as can the failure to deliver copies of pleadings and motions to other parties to an action, but neither situation occurred here. *See* Tex. R. Civ. P. 21b, 215.1-.5.

4

"mak[ing] such orders . . . as are just," including an order dismissing the case with or without prejudice. Tex. R. Civ. P. 215.2(b)(5). The scope of a trial court's inherent power to sanction is limited similarly by the recognition that this power exists to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the traditional core functions of Texas courts. *Ezeoke*, 349 S.W.3d at 685.

## I.  Attorney Sanction

We first address whether the trial court abused its discretion in assessing a $500 sanction against Adkins. Appellants argue that the trial court had no discretion to assess the sanction under Chapter 10 or Rule 13 because Adkins did not sign the motions for default judgment. Appellants also argue that the trial court abused its discretion by assessing the sanction against Adkins without making any findings as to his "motives and credibility." We agree.

Chapter 10 allows a trial court to "impose a sanction on [a] person, a party represented by the person, or both" when "[the] court determines that the person . . . has *signed* a pleading or motion in violation of Section 10.001." Tex. Civ. Prac. & Rem. Code § 10.004(a) (emphasis added). Section 10.001 specifies, in relevant part, that the *signatory* of a pleading or motion certifies "to the signatory's best knowledge, information, and belief, formed after reasonable inquiry," the pleading or motion is not presented to harass, cause unnecessary delay, or increase the cost of litigation and is not frivolous. *Id*. § 10.001. Thus, based on the plain language of Chapter 10, sanctions for violating Chapter 10 may be assessed only against a signatory of a motion or pleading, the party he represents, or both. Similarly, a sanction for violating Rule 13 may be assessed only against a signatory of a "pleading, motion, or other paper" that was "groundless and brought in bad faith or groundless and brought for the purpose of harassment," a party represented by the signatory, or both. Tex. R. Civ. P. 13; *see also Metzger v. Sebek*, 892 S.W.2d 20, 53 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Here, the trial court found that Citibank's motions for default judgment were

"groundless," but assessed sanctions against Adkins, who did not sign them. Thus, the trial court did not have discretion to assess sanctions against Adkins under Chapter 10 or Rule 13.

As set forth above, however, the trial court may have assessed sanctions pursuant to its inherent power. The purpose of this inherent power is to "to deter, alleviate, and counteract bad faith abuse of the judicial process." *See Sprague*, 363 S.W.3d at 803. The trial court made no finding that Adkins engaged in bad faith abuse of the judicial process, and the record does not support such a finding. *See id*. Adkins presented an affidavit attesting to the fact that he and Citibank were unaware of the trial court's order authorizing substituted service, and Citibank's process server presented an affidavit attesting to the same. After the trial court denied the first and second motions for default judgment, Citibank's process server filed corrected returns of service, and Citibank's counsel believed deficiencies in the motions had been corrected. On this record, we cannot conclude that Adkins engaged in bad faith abuse of the judicial process. *See id*.

Under these facts, we hold that the trial court abused its discretion in assessing sanctions against Adkins.

## II.     Case Dismissal

We next address appellants' complaints regarding the trial court's dismissal of Citibank's lawsuit as a "death penalty" sanction. Appellants argue, among other things, that the trial court abused its discretion by imposing an excessive sanction in dismissing the case. We agree.

When imposing a death penalty sanction, a court renders judgment without regard to the merits of the case. *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996). "[T]here are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Id*. (citing *Powell*, 811 S.W.2d at 918). Such a severe sanction should not be assessed absent a party's flagrant bad faith or counsel's callous disregard

6

for his responsibilities.[3] *Powell*, 811 S.W.2d at 918 (reversing sanction imposed under Rule 215 striking party's pleadings in their entirety for discovery abuse). Thus, a trial court may not use death penalty sanctions to deny a litigant a decision on the merits of the case unless the court finds that the sanctioned party's conduct "justifies a presumption that its claims or defenses lack merit." *Hamill*, 917 S.W.2d at 16. The absence of an explanation of how a trial court determined to impose an especially severe sanction is inadequate. *Low*, 221 S.W.3d at 620. A trial court is required to explain that it considered lesser sanctions before imposing death penalty sanctions. *Id.* (citing *Cire v. Cummings*, 134 S.W.3d 835, 842 (Tex. 2004)).

Here, the trial court found that Citibank's motions for default judgment were "groundless" and "needlessly wasted this Court's time as well as . . . needlessly interfered with the legitimate administration of justice." The trial court, however, did not find that Citibank's conduct justified a presumption that its claims lacked merit or that a lesser sanction would have been inadequate, or explain whether it considered lesser sanctions before dismissing Citibank's case.[4] Likewise, the trial court did not find that Citibank acted in flagrant bad faith or that Adkins callously disregarded his responsibilities by failing to comply with the order authorizing substituted service before filing the motions for default judgment. As set forth above, Adkins presented an affidavit attesting to the fact that he and Citibank were unaware of the trial court's order authorizing substituted service, and Citibank's process server presented an affidavit attesting to the same. After the trial court denied the first and second motions for default judgment, Citibank's process server filed corrected returns of service, and Citibank's counsel believed deficiencies in the motions had been corrected. On this record, we cannot conclude that

---

[3] *Powell* dealt with sanctions imposed under Rule 215 for discovery abuse, but the principle that a trial court may not dismiss a case without such a finding applies equally under these circumstances. *See Powell*, 811 S.W.2d at 918; *see also Low*, 221 S.W.3d at 614 (acknowledging standard of review for imposition of sanctions is the same for Rule 13 and Chapter 10 and applying the standards set forth in *Powell* for review of sanction for excessiveness).

[4] The trial court found, "Having previously admonished Plaintiff's counsel, it is evident that no lesser sanction than monetary may curb this attorney's motion practice." The trial court did not make a similar finding regarding case dismissal.

Citibank's conduct is that exceptional case in which lesser sanctions would not promote compliance. *See Hamill*, 917 S.W.2d at 16. The assessment of death penalty sanctions in this case as an initial sanction, without explanation, is excessive. *See id*.

We sustain appellant's issues complaining of the sanction against Adkins because he did not sign the motions for default judgment and the record does not show he engaged in bad faith abuse of the judicial process and of the trial court's dismissal of the underlying case as excessive. We do not reach appellants' remaining arguments.[5] We remand this case for proceedings in conformity with Chapter 10, Rule 13, and the court's inherent power to sanction. *See Ezeoke*, 349 S.W.3d at 687 (remanding for proceedings consistent with Chapter 10).

### *Conclusion*

The order of sanctions against Adkins and dismissal of the underlying case is reversed, and the matter is remanded for further proceedings consistent with this opinion.


/s/ Martha Hill Jamison
Justice

Panel consists of Justices Boyce, Christopher, and Jamison.

---

[5] We note that, before imposing sanctions, the trial court did not provide appellants an opportunity to respond to the trial court's allegations that they filed "groundless" motions for default judgment, wasted the court's time, and interfered with the legitimate administration of justice, which is required under Chapter 10, Rule 13, and the due process clause of the United States Constitution. *See* Tex. Civ. Prac. & Rem. Code § 10.003 (requiring "notice of the allegations and a reasonable opportunity to respond to the allegations" before imposing sanctions); Tex. R. Civ. P. 13 (allowing court to impose sanction only "after notice and hearing"); *Clark v. Bres*, 217 S.W.3d 501, 513 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("Imposing sanctions on a party without notice and an opportunity to be heard would violate the requirements of due process."). We express no opinion regarding whether the hearing on Citibank's objection to and motion to reconsider sanctions cured this failure.

8