**Petition for Writ of Mandamus Granted and Majority and Dissenting Opinions filed July 14, 2016.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-16-00058-CV**

**IN RE FIRST TRANSIT INC. AND LATOSHA R. EMANUEL, Relators**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-08649**

## D I S S E N T I N G   O P I N I O N

The respondent prohibited the relators from offering or eliciting any evidence at trial from their only retained expert on negligence and causation — a "death penalty" sanction under this court's precedent. To the extent the respondent trial judge based the sanction on Texas Rules of Civil Procedure 215.2 and 215.3, the respondent abused her discretion by failing to explain that she considered lesser

sanctions before imposing the death-penalty sanction. To the extent the respondent based the sanction on Texas Rule of Civil Procedure 193.6, the respondent abused her discretion because the prescribed sanction under that rule would not be a prohibition against eliciting any evidence at trial from the relator's expert. Though the majority concludes otherwise, the record shows that the relators did not violate the respondent's order compelling production of documents by producing certain documents one or two days after the relators' expert created them. Because the relators have no adequate appellate remedy, they are entitled to mandamus relief compelling the respondent to vacate the sanctions order.

### *The respondent orders the relators to produce documents their expert generated.*

Relators First Transit Inc. and Latosha R. Emanuel (the "First Transit Parties") designated Dr. Mike James as their expert. In February 2015, the respondent the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County, ordered the First Transit Parties to produce Dr. James's entire file. Nine months later, on November 2, 2015, the respondent granted the motion to compel filed by real parties in interest Ilda Garcia and José Dore Caballero, individually and on behalf of the Estate of José Caballero (the "Parents") and ordered the First Transit Parties to provide an exact and complete color copy of Dr. James's file to the Parents' counsel, including all reports, memos, emails, and documents of any type outlining Dr. James's opinions, impressions, or communications with any lawyer for the First Transit Parties, all reconstruction, animation, and accident depictions generated or created by Dr. James, and any and all documents or tangible things that have been provided to, reviewed by, or prepared by Dr. James. The respondent ordered the First Transit Parties to produce

2

these items within five days of the court's order (the "Production Deadline"). Under the unambiguous language of the November 2, 2015 order, the respondent did not instruct Dr. James to create any documents.

On January 8, 2016, three days before the date set for Dr. James's deposition and twenty-three days before the date of the trial setting, the First Transit Parties produced to the Parents forty pages of documents Dr. James prepared one or two days before (the "Documents"). On the same day the First Transit Parties produced the Documents, counsel for the Parents cancelled Dr. James's deposition and informed the First Transit Parties that the Parents would be "seeking relief from the Court regarding conduct with regard to the items/documents produced and lack of compliance with the Court's Order of 11/2/2015."

***The respondent sanctions relators by preventing their expert from testifying at trial.***

The Parents filed a motion for discovery sanctions, asking the respondent to exclude Dr. James's testimony at trial. The respondent granted the sanctions motion and as its first sanction, prohibited the First Transit Parties from offering or eliciting any evidence at trial from Dr. James, their only retained expert on negligence and causation.

***The relators seek mandamus relief for a death-penalty sanction.***

The First Transit Parties ask this court to grant mandamus relief compelling the respondent to vacate her January 14, 2016 sanctions order. They argue that, in the respondent's prior discovery orders, the respondent did not order Dr. James to create any documents and that they disclosed the Documents shortly after Dr.

3

James created them.  The First Transit Parties assert that the sanctions are death-penalty sanctions and that the respondent did not satisfy the requirements for imposing such sanctions.

Under this court's binding precedent, it is a "death penalty" sanction to prohibit the First Transit Parties from offering or eliciting any evidence at trial from their only retained expert on negligence and causation.[1]  Death-penalty sanctions are harsh and may be imposed as an initial sanction only in the most egregious and exceptional cases,[2] that is "when they are clearly justified and it is fully apparent that no lesser sanctions would promote compliance with the rules."[3]  Before a court may assess death-penalty sanctions because of discovery abuse, the court must determine that a party's hindrance of the discovery process justifies a presumption that the party's claims or defenses lack merit.[4]

### *The respondent abused her discretion to the extent she based the sanction on Rule 193.6.*

In their motion for sanctions, the Parents alleged that, despite orders that the First Transit Parties produce all of Dr. James's file, the First Transit Parties did not do so, although the Parents acknowledge that the First Transit Parties produced some items.  The Parents also complained that the First Transit Parties had asserted that they were going to rely on an accident-reconstruction animation and that Dr.

---

[1] *See In re RH White Oak, LLC*, 442 S.W.3d 492, 501 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand. denied]); *In re Alere Women's & Children's Health, LLC*, 357 S.W.3d 809, 814-15 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

[2] *Cire v. Cummings*, 134 S.W.3d 835, 842 (Tex. 2004).

[3] *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993).  *See Cire*, 134 S.W.3d at 840–41.

[4] *GTE Commc'ns Sys. Corp.*, 856 S.W.2d at 730.

4

James would create and produce this animation by a certain date, but the First Transit Parties never produced any animation. According to the Parents, the First Transit Parties later said that no animation existed and that they would not be using an animation at trial. The main focus of the Parents' sanctions motion was the production of the Documents on January 8, 2016, which the Parents argued was "late and untimely." In addition to relying on Rule 215.2 and Rule 215.3 as a basis for sanctioning the First Transit Parties' conduct, the Parents also relied upon Rule 193.6.[5]

Rule 193.6(a) provides in pertinent part that "[a] party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, . . . unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties."[6] Even presuming that the respondent had discretion to find there was no good cause and to find that the failure to timely respond would unfairly surprise or prejudice the Parents, the sanction prescribed in Rule 193.6(a)

---

[5] *See* Tex. R. Civ. P. 215.2, 215.3. A discretionary sanction imposed under Rule 215.2 or under Rule 215.3 must be just. *See* Tex. R. Civ. P. 215.2, 215.3; *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). Whether a sanction is just is measured by two standards. First, a direct relationship must exist between the offensive conduct and the sanctions imposed. *Id*. "Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes." *Id*. Courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance. *Id*.

[6] Tex. R. Civ. P. 193.6.

5

would be the exclusion of the material or information not timely disclosed.[7] Therefore, presuming for the sake of argument that there was evidence that the First Transit Parties failed to timely respond to the Parents regarding the Documents, the animation, or other parts of Dr. James's file, the sanction under Rule 193.6 would be to exclude the material in question rather than to exclude *all* evidence from Dr. James.[8] Therefore, the respondent abused her discretion to the extent she based the sanction on Rule 193.6.[9]

***The respondent failed to explain that she considered lesser sanctions before imposing a death-penalty sanction.***

To the extent the respondent based the sanction on Rule 215.2 and Rule 215.3, the respondent was required to consider whether lesser sanctions would fully promote compliance, before imposing the death-penalty sanction of prohibiting any evidence from Dr. James.[10] Under this standard, a trial court need not test the effectiveness of each available lesser sanction by imposing the lesser sanction on the party before imposing the death-penalty sanction. But, the trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed.[11] The respondent did not do so.

---

[7] *See id.*

[8] *See id.*

[9] *See id.*

[10] *See Cire*, 134 S.W.3d at 839–40.

[11] *Id.* at 840.

Neither in the sanctions order, nor elsewhere in the record, did the respondent explain that she considered lesser sanctions before imposing the death-penalty sanction the First Transit Parties now challenge on mandamus. Under these circumstances, the death-penalty sanction cannot stand.[12] Thus, the respondent abused her discretion to the extent she based the sanction on Rule 215.2 or Rule 215.3.[13]

### *The relators did not violate the November 2, 2015 order by producing the Documents.*

The majority concludes that the relators violated the respondent's November 2, 2015 order by not having Dr. James create the Documents and by not producing the Documents before the Production Deadline. The record shows that this conduct did not violate the court's order. In the order, the respondent instructed the First Transit Parties to produce certain documents by the Production Deadline. Notably, the respondent did not order the First Transit Parties or Dr. James to create any documents.[14] The Documents did not exist when the respondent ordered the First Transit Parties to produce Dr. James's entire file or when the

---

[12] *See Low v. Henry*, 221 S.W.3d 609, 620 (Tex. 2007); *Citibank, N.A. v. Estes*, 385 S.W.3d 671, 676 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

[13] *See Low*, 221 S.W.3d at 620; *Citibank, N.A.*, 385 S.W.3d at 676; *Gunn v. Fuqua*, 397 S.W.3d 358, 373–75 (Tex. App.—Dallas 2013, pet. denied).

[14] *See In re Jacobs*, 300 S.W.3d 35, 46–47 (Tex. App.—Houston [14th Dist.] 2009 [mand. dism'd], orig. proceeding) (holding that a trial court cannot properly order a party to create a document for the sole purpose of complying with a request for production). There was an agreement between the parties that Dr. James would create an animation that he was going to use at trial, but the First Transit Parties and Dr. James later decided not to use an animation, and no animation is in issue regarding these sanctions. The Documents are not an animation.

Production Deadline passed. The record reflects that neither Dr. James's creation of the Documents nor the First Transit Parties' production of the Documents violated the November 2, 2015 order.

***Any failure by the relators to comply with Rule 194.2(f)(3) does not affect this court's analysis.***

The Parents argue in this court that mandamus relief should be denied as to the respondent's exclusion of all evidence from Dr. James because the record shows that the First Transit Parties did not comply with Rule 194.2(f)(3), which required the First Transit Parties, in their response to the request for disclosure, to divulge the general substance of Dr. James's mental impressions and opinions, as well as provide a brief summary of the basis for those opinions and impressions. *See* Tex. R. Civ. P. 194.2(f)(3). Neither in their written motion nor in their arguments at the sanctions hearing did the Parents assert that the respondent should exclude all evidence from Dr. James based on the First Transit Parties' alleged failure to comply with Rule 194.2(f)(3). The record reflects that the respondent did not grant sanctions sua sponte; rather, the respondent granted the Parents' sanctions motion. Neither in open court nor in the sanctions order did the respondent state that she was basing the discovery sanction on the First Transit Parties' failure to comply with Rule 194.2(f)(3). On this record, the respondent did not impose the discovery sanction based on any alleged failure to comply with Rule 194.2(f)(3).[15] Therefore, any such failure to comply does not affect this

---

[15] *See Sprague v. Sprague*, 363 S.W.3d 788, 803 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (determining nature of sanctions based on the requests and conduct at issue in the motion for sanctions); *Galindo v. Prosperity Partners*, *Inc*., 429 S.W.3d 690, 699 (Tex. App.—Eastland

8

court's analysis as to whether the respondent erred in assessing the death-penalty sanction.[16]

## Conclusion

The respondent clearly abused her discretion in assessing the death-penalty sanction against the First Transit Parties. Whether based on Rule 215.2, Rule 215.3, or Rule 193.6, the sanction cannot be sustained. Though the majority concludes that the relators violated the November 2, 2015 order by not having Dr. James create the Documents and by not producing the Documents before the Production Deadline, the record shows that this conduct did not violate the order. Because the relators have no adequate appellate remedy, they are entitled to mandamus relief compelling the respondent to vacate the sanctions order, but this court should not direct the respondent to consider whether imposing a lesser sanction would achieve the relators' compliance with the November 2, 2015 order because the record shows that neither Dr. James's creation of the Documents nor the First Transit Parties' production of the Documents violated the November 2, 2015 order.

/s/     Kem Thompson Frost
           Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown. (Donovan, J., majority).

---

2014, pet. denied) (determining the "offensive conduct" and the conduct that was sanctioned based on the conduct mentioned by the movant in the movant's request for sanctions).

[16] *See Sprague*, 363 S.W.3d at 803; *Galindo*, 429 S.W.3d at 699.