

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00449-CV

TRACY JO MULLINS                                                    APPELLANT

V.

MATT ROBERT MULLINS                                                  APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY
## TRIAL COURT NO. CIV-16-0139

----------

## MEMORANDUM OPINION[1]

----------

To impose "death-penalty" sanctions for litigation misconduct (including failing to properly respond to discovery requests), a trial court must consider whether lesser sanctions would address the misconduct and provide a reasoned explanation concerning the appropriateness of the sanction imposed. In this divorce case, the trial court imposed death-penalty sanctions against appellant

---

[1]*See* Tex. R. App. P. 47.4.

Tracy Jo Mullins without providing any such reasoned explanation concerning the appropriateness of a death-penalty sanction as the initial sanction. Therefore, we reverse the trial court's order imposing sanctions along with the final decree of divorce that depends upon the sanctions order, and we remand this case for further proceedings.

**Background Facts**

This appeal arises from a dissolution of a marriage pursuant to death-penalty sanctions. Tracy filed for a divorce from appellee Matt Robert Mullins in February 2016, and Matt answered the petition and filed a counter-petition for divorce in March 2016. In his counter-petition, Matt pled claims of forgery, breach of fiduciary duty, fraud, and misapplication of community property.

Over the next several months, Tracy largely failed to cooperate with oral and written discovery. In late April 2016, Matt filed a combined motion for sanctions and motion to compel discovery. In that motion, he alleged that Tracy had not timely responded to written discovery requests and that during a deposition, Tracy had refused to answer several questions while being "hostile, defiant, and argumentative." Matt attached excerpts from the deposition showing that Tracy had refused to answer several questions.

The trial court set a hearing on Matt's motion. But without holding a hearing, as part of a June 2016 temporary order that concerned other matters such as conservatorship and possession of the parties' children and child support, the trial court stated that it would "take up and consider [Matt's] Motion

2

for Sanctions and Motion to Compel Discovery at a later date." In that order, the trial court found that Matt's attorney's fees for preparing the motion for sanctions comprised $11,385, but the trial court did not order Tracy to pay those fees. The trial court ordered Tracy to fully respond to Matt's discovery requests.

Later, the trial court again set a hearing on Matt's motion for sanctions and motion to compel discovery. The parties then agreed to an order that addressed those motions. In the agreed order, the trial court found that Tracy had failed to respond to Matt's written discovery requests and had failed to answer deposition questions. The court did not sanction Tracy, but the court again ordered her to respond to the discovery requests. The trial court expressly deferred any decision on sanctions "until [a] later hearing." Tracy and Matt signed the agreed order.

Tracy did not answer the discovery requests to Matt's satisfaction, so he filed another motion for sanctions. He contended that Tracy had failed to provide any answers to interrogatories. He also alleged that while Tracy had produced some documents, the documents were not "identified nor categorized to a particular discovery request." Matt further alleged that Tracy had not provided an accounting that the trial court had ordered her to provide and had not appeared to answer previously unanswered deposition questions. Matt asked the trial court to impose "all available sanctions" against Tracy and to order her to pay his attorney's fees.

3

The trial court set the second motion for sanctions for a hearing. At the hearing, Matt conceded that Tracy had produced some documents but stated that the documents had not been identified, organized, or Bates stamped. Matt also stated that Tracy had not responded at all to other discovery requests. Matt asked for severe sanctions, including the granting of a default judgment. He argued that the court had been lenient with Tracy and that she had not done "one single thing" that the court had asked her to do. His counsel stated, "I don't think issuing a third order compelling her to do anything is a solution. I think the real solution is to give us the pathway by which we can obtain a divorce, have you divide what there is to divide, and get on down the road for us."

After completing the hearing, at which Tracy did not appear personally or through counsel, the trial court signed an order granting the motion. The court's order stated that the sanctions were "reasonable and necessary" and that Tracy had failed to respond to discovery despite the trial court's prior orders requiring her to do so. The trial court sanctioned Tracy by striking her pleadings, ordering her to pay Matt's expenses and attorney's fees, preventing her from conducting discovery, foreclosing her ability to present evidence of any claims or defenses, prohibiting her from refuting any of Matt's claims or defenses, and granting a default judgment in Matt's favor.[2] Neither the order granting sanctions nor the

---

[2]These qualify as death-penalty sanctions. *See Young v. Young*, No. 03-14-00720-CV, 2016 WL 7339117, at *3 (Tex. App.—Austin Dec. 15, 2016, no pet.) (mem. op.) (citing *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991)).

4

hearing leading to the order contained a statement by the trial court concerning why lesser sanctions would not be appropriate or why death-penalty sanctions were necessary.

Six days after signing the sanctions order, the trial court held a default prove-up hearing without the presence of Tracy or her counsel. At that hearing, Matt's counsel stated that the sanctions order was an "integral part of . . . going forward on this matter." Matt testified about various matters related to the parties' marriage, child-rearing, property, and litigation history and presented documents relating to those issues.

Following the hearing, the trial court signed a final decree of divorce. In the final decree, the court took judicial notice of its sanctions order. The court dissolved the parties' marriage, appointed Matt sole managing conservator of the children while appointing Tracy possessory conservator, gave each party periods of possession of the children, and ordered Tracy to pay monthly child support. The court also found that Tracy had committed forgery, fraud, and conversion and had breached a fiduciary duty to Matt, and the court ordered Tracy to pay $150,000 in exemplary damages. Finally, the court entered a permanent injunction that precluded Tracy from committing certain acts and ordered her to pay attorney's fees "over and above the judgment for sanctions" previously awarded to Matt.

Represented by new counsel, Tracy filed a motion in which she asked the trial court to vacate the death-penalty sanctions and grant a new trial. Following

5

a hearing, the trial court denied Tracy's motion for new trial. She brought this appeal.

## "Death-penalty" Sanctions

Tracy raises four issues on appeal from the trial court's judgment. In her second issue, she argues that the trial court erred when it assessed death-penalty sanctions because the court did not consider the availability of lesser sanctions and whether such sanctions would promote compliance or provide a reasoned explanation why lesser sanctions would not have been effective. In response to Tracy's second issue, Matt argues that although the court never imposed sanctions, the court considered lesser sanctions in that the court previously deferred ruling on sanctions, thus giving Tracy a "pass."

We review a trial court's imposition of sanctions for an abuse of discretion. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

The rules of civil procedure allow for a trial court to impose sanctions for discovery abuse in certain circumstances. *See* Tex. R. Civ. P. 215.1–215.3. Any sanction that the trial court imposes must be just. *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). For a sanction to

6

be just, a trial court must "consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance." *Id.*

Under this standard, a trial court "need not test the effectiveness of each available lesser sanction by actually imposing the lesser sanction on the party before issuing the death penalty; rather, the trial court must analyze the available sanctions *and offer a reasoned explanation as to the appropriateness of the sanction imposed.*" *Cire*, 134 S.W.3d at 840 (emphasis added). When a record is devoid of any indication that a trial court considered a lesser sanction or when the record only contains a conclusory statement that no lesser sanction would be effective, we must reverse a death-penalty sanction. *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 425–26 (Tex. App.—San Antonio 2014, pet. denied); *see Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882–83 (Tex. 2003) (explaining that the record should "contain some explanation of the appropriateness of the sanctions imposed" and stating that a death-penalty sanction may only be imposed in the first instance when the facts of case are exceptional and the sanction is "clearly justified"); *Knoderer v. State Farm Lloyds*, No. 06-13-00027-CV, 2014 WL 4699136, at *11 (Tex. App.—Texarkana Sept. 19, 2014, no pet.) (mem. op.) ("[A] trial court either must impose lesser sanctions first or *must clearly explain on the record* why the case is an exceptional case where it is fully apparent that no lesser sanctions could promote compliance." (emphasis added)); *In re Medtronic, Inc.*, No. 10-14-00077-CV, 2014 WL 2159555, at *3 (Tex. App.—Waco May 22, 2014, orig. proceeding) (mem. op.) ("In all cases, the

7

record must reflect that the trial court considered the availability of appropriate lesser sanctions *and must contain an explanation of the appropriateness of the sanction imposed.*" (emphasis added)).

As explained above and as Tracy contends, the record does not contain any explanation by the trial court why a lesser sanction would have been ineffective or why the death-penalty sanctions were appropriate. On appeal, Matt argues that the trial court imposed "strikes" against Tracy through its orders that required her to comply with discovery but did not sanction her. He contends, "The record . . . indicates that not only did the trial court consider lesser sanctions, it twice ordered [Tracy] to comply with [Matt's] discovery requests without imposing significant sanctions." Matt also argues that the law does not require "special wording within the body of a sanctions order to make the order valid. Rather [precedent requires] that the record reflect that the trial court considered lesser sanctions."

Concerning Matt's argument that the trial court's orders prior to the sanctions order counted as "strikes" against Tracy, Texas courts have held that "[t]hreatened, prospective, potential, or conditional sanctions do not constitute the *imposition* of a lesser sanction." *CRSS Inc. v. Montanari*, 902 S.W.2d 601, 612 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (op. on reh'g) (emphasis in original); *see also Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 850 (Tex. 1992) (orig. proceeding) ("[W]e do not consider the conditional fine to be, as the Garcias argue, an imposition of a required lesser sanction."); *Wang v. Rao*, No.

8

13-96-00346-CV, 1998 WL 35277004, at *4 (Tex. App.—Corpus Christi Apr. 30, 1998, no pet.) (not designated for publication) ("A mere threat to sanction or intent to sanction is not of itself a sanction.")

More importantly, the precedent cited above along with numerous persuasive cases mandate that before a trial court may order death-penalty sanctions, the court must both consider lesser sanctions and provide a reasoned explanation concerning the appropriateness of the greater sanction imposed. *See Cire*, 134 S.W.3d at 840; *Spohn Hosp.*, 104 S.W.3d at 882–83; *see also GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993) (orig. proceeding) (faulting a trial court for not explaining why lesser sanctions would not have been effective); *In re Melcher*, No. 14-16-00130-CV, 2017 WL 1103549, at *4 (Tex. App.—Houston [14th Dist.] Mar. 23, 2017, orig. proceeding) (mem. op.) ("Here, *the order* does not refer to any lesser sanctions or explain why lesser sanctions are inappropriate in this case. *The sanctions order is deficient in this regard.*" (emphasis added)); *Young*, 2016 WL 7339117, at *4 ("[T]he record must show that the court analyzed available sanctions and offered a reasoned explanation as to appropriateness of the sanction imposed."); *Primo v. Rothenberg*, Nos. 14-13-00794-CV, 14-13-00997-CV, 2015 WL 3799763, at *24 (Tex. App.—Houston [14th Dist.] June 18, 2015, pet. denied) (mem. op.) ("Even when the record reflects intentional discovery abuse, as it does here, the trial court is still required to explain that it considered lesser sanctions before imposing sanctions precluding a party's ability to present the merits of its

9

claims."); *Knoderer*, 2014 WL 4699136, at *11 ("[A] trial court either must impose lesser sanctions first or must clearly explain on the record why the case is an exceptional case where it is fully apparent that no lesser sanctions could promote compliance."); *Citibank, N.A. v. Estes*, 385 S.W.3d 671, 676 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("The absence of an explanation of how a trial court determined to impose an especially severe sanction is inadequate.").

The trial court did not comply with this mandate of explaining its decision to impose death-penalty sanctions rather than lesser sanctions either in the hearing leading to the sanctions or in the order imposing the sanctions. *See Cire*, 134 S.W.3d at 840. The order on the second motion for sanctions lists the instances where Tracy failed to comply with the order on discovery; however, it does not indicate why initial death-penalty sanctions were warranted. The record is clear that the trial court did not impose sanctions before imposing the death-penalty sanctions. Thus, based on the authority discussed above, we conclude that the trial court abused its discretion by granting death-penalty sanctions without offering a reasoned explanation for the appropriateness of those sanctions. *See Citibank, N.A.*, 385 S.W.3d at 677 ("The assessment of death penalty sanctions in this case as an initial sanction, without explanation, is excessive."). We sustain Tracy's second issue.[3]

---

[3]We do not condone Tracy's repeated failures to comply with the requirements of participating in discovery.

10

The record demonstrates that the trial court's judgment and the default prove-up hearing leading to the final divorce decree depended on the sanctions order, in which the trial court granted a default judgment. The trial court took judicial notice of the sanctions order in the decree, which the trial court signed just six days after the sanctions order. The trial court held the default prove-up hearing in lieu of a previously scheduled trial set for months later. Therefore, we hold that because the trial court's imposition of sanctions, including the granting of a default judgment, was erroneous, the final decree of divorce must be reversed. In light of this conclusion, we need not consider Tracy's remaining issues. *See* Tex. R. App. P. 47.1; *Big Country Elec. Coop. v. Hill*, No. 11-09-00368-CV, 2011 WL 5307858, at *3 (Tex. App.—Eastland Nov. 3, 2011, no pet.) (mem. op.).

## Conclusion

Having sustained Tracy's second issue, we conclude that the trial court erred when it assessed death-penalty sanctions and entered a default judgment against Tracy. Thus, we reverse the trial court's final decree of divorce and remand this case for further proceedings consistent with this opinion.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and KERR, JJ.

DELIVERED: July 27, 2017

11