**Opinion issued January 24, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00425-CV

————————————

## JIMMY TULLOS, Appellant

## V.

## JO DEAN JONES AND PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellees

———

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Case No. 62,063**

———

## MEMORANDUM OPINION

Appellant, Jimmy Tullos, sued appellee Jo Dean Jones for personal injuries arising out of a car accident. Approximately fourteen months after Tullos filed suit, the trial court dismissed his case with prejudice. Tullos argues that the trial

court abused its discretion in dismissing the case with prejudice as a "death penalty sanction" for discovery abuse because he lacked adequate notice, the sanctions order was inadequate, and the evidence was insufficient to support the trial court's imposition of sanctions.[1]

We reverse and remand.

## Background

On December 23, 2009, Tullos filed a personal injury claim asserting negligence, negligence per se, gross negligence, and statutory violations against Jones for damages arising out of an automobile crash that occurred in December 2007.

Jones answered, and, on February 8, 2010, she served Tullos with requests for disclosure, interrogatories, and requests for production.

On April 29, 2010, the trial court entered a docket control order in anticipation of a bench trial set for March 14, 2011. The April 29, 2010 docket control order provided that Tullos and Jones were to have joined and served new

---

[1] Tullos's issues as enumerated in his brief are that the trial court: (1) erred in entering "a sua sponte death penalty sanctions order without notice of the hearing prior to it being conducted"; (2) erred by failing to state in the order the reasons for the sanction and the analysis required by *TransAmerica Natural Gas Corp. v. Powell*; (3) abused its discretion by dismissing the case with prejudice on March 4, 2011; (4) abused its discretion by considering missed deadlines under a "superseded" docket control order as evidence that Tullos disregarded a court order; (5) abused its discretion by considering Tullos's failure to comply with the court order to contact a mediator as evidence that Tullos disregarded a court order, because none of the parties contacted the mediator; and (6) erred in failing to properly apply the test for sanctions set forth in *TransAmerica*.

2

parties by April 9, 2010.[2]  It further required that the parties complete mediation by August 11, 2010, that Tullos designate his experts by December 14, 2010,[3] and that both parties conclude discovery by February 14, 2011.  The April 29, 2010 docket control order further specified that amendments to the pleadings must be filed "per Rules."

The trial court amended the docket control order on May 24, 2010, following Jones's request for a jury trial.  That docket control order extended the deadlines for attending mediation and for designating experts to January 21, 2011.  The order likewise extended the discovery deadline to February 28, 2011.  This docket control order also provided that amendments to pleadings must be filed by March 10, 2011, and it set a trial date of March 21, 2011.

On August 16, 2010, Jones filed a motion to compel discovery responses from Tullos, stating that, as of the date of the motion, Jones had not received any responses from Tullos on the requests for disclosure, interrogatories, and requests for production that she had served on February 8, 2010.

---

[2]  The date for joining and serving new parties had already passed at the time the trial court signed the docket control order.

[3]  The docket control order actually provides the date December 14, 2011.  However, as per the amended docket control order, the year appears to be a typo, and both parties and the trial court referred to the proper deadline for designating experts under that order as December 14, 2010.

On November 17, 2010, the trial court signed a mediation order granting the parties' request to designate Greenway Mediation Group as the agreed mediator.

The parties filed an agreed motion for continuance on January 14, 2011, stating that "[d]iscovery has not been sufficiently completed to allow the parties to argue their case adequately" and that the case had not been mediated. Jones sought to depose Tullos, but, on January 20, 2011, Tullos moved to quash the deposition notice. Tullos argued that he was not available to appear on the date noticed by Jones. The motion to quash also stated that Tullos had responded to Jones's requests for disclosure and detailed various difficulties in complying with the remainder of Jones's discovery requests, such as difficulties in obtaining medical records. Tullos also stated that it was "best to wait until newly added defendant Progressive answers" so that the deposition need not be taken twice.

On January 25, 2011, the trial court issued an order denying the motion for continuance. The trial court ordered the parties to mediation by March 11, 2011 and appointed Nancy Huston as the mediator. The trial court's order reiterated the March 21, 2011 trial date and stated, "Sanctions may be imposed for failure to comply with this Order."

Also on January 25, 2011, Tullos filed, without leave of court, an amended original petition naming Progressive County Mutual Insurance Company ("Progressive") as a defendant. Progressive answered on January 27, 2011.

4

Progressive filed an agreed motion for continuance on January 31, 2011, asserting that it had not been able to adequately prepare for trial.

On January 31, 2011, Tullos moved for "pretrial orders pursuant to Rule 166." This motion stated that "[a] considerable portion of [Tullos's] medical care and treatment for injuries . . . occurred in Austin" and that Tullos moved to Colorado "for a period of time." The motion further stated, "Due to the logistics involved . . . the medical discovery is not complete and [Tullos] is scheduling a follow up appointment with his Neurosurgeon, Dr. John Stokes in Austin. Despite diligent efforts to obtain the medical records the Court Reporting Company has had difficulty in obtaining some medical records." The motion stated that Tullos believed liability would not be contested and that he intended to file a no-evidence motion for summary judgment on that issue, and it asked the trial court to hold a pre-trial conference to address these discovery issues, deadlines, mediation, and other issues.

On February 7, 2011, Jones filed an amended motion to compel Tullos to respond to the interrogatories and requests for production served on February 8, 2010. The motion stated that Tullos "has failed to answer the Interrogatories or Requests for Production, other than recently providing some photographs of [his] vehicle, and providing signed HIPAA authorizations." The motion stated that the trial court "should compel [Tullos] to fully respond to [Jones's]" interrogatories

and requests for production and prayed, "Wherefore, premises considered, [Jones] prays that the Motion to Compel be granted, and that the Court grant such other further relief, both general and special, at law and in equity, to which [Jones] may be justly entitled."

Jones also filed a no-evidence motion for summary judgment "based on [Tullos's] lack of evidence to support his claims of gross negligence and diminution of value of his vehicle."

The trial court issued an order granting Progressive's requests for a hearing on its motion for continuance, and it set the date of the hearing as March 4, 2011.

On February 25, 2011, Tullos filed a motion for an amended docket control order and for leave to designate additional non-retained experts. In this motion, Tullos's attorney explained that discovery was not yet complete, that he had recently added Progressive as a party because he just learned that Tullos had under-insured motorist coverage through Progressive, and that "the parties . . . chose to wait on incurring the expense of mediation until all of the medical records could be obtained[,] depositions of the parties taken[,] and Progressive added to the lawsuit." Tullos asked the trial court to grant him leave to designate new treating physicians as non-retained experts, to enter an amended docket control order, and to grant the pending motion for continuance.

6

Also on February 25, 2011, Tullos filed a supplemental petition, in which he waived his claim of gross negligence against Jones and took "a voluntary non suit, without prejudice, as to any and all claims of gross negligence and requests for punitive damages."

Tullos subsequently filed an amended motion for an amended docket control order, informing the trial court that the parties had scheduled mediation for March 21, 2011 with Norman Roser of Greenway Mediation Group.

At the March 4, 2011 hearing, Tullos appeared through his counsel. The trial court began by asking questions to obtain "background." It confirmed that the accident occurred on December 27, 2007; that Tullos filed suit December 23, 2009; and that Jones was served on January 18, 2010. The trial court also confirmed that the following deadlines had not been met: (1) the docket control order's April 9, 2010 deadline for naming new parties; (2) the February 14, 2011 deadline for completing discovery; (3) the trial court's order to complete mediation by August 11, 2010; and (4) the docket control order's deadline to designate experts by December 14, 2010.

Tullos's attorney explained some of the difficulties the parties had faced in completing discovery and scheduling mediation. Toward the end of the hearing, the trial court stated that it was "beyond concerned with [Tullos's] inability to comply with any Court order, any mediation order, including the last mediation

order [that] notified [Tullos] that sanctions would be imposed for failure to comply." The trial court stated that it would "issue an order today on whether the case will be dismissed for want of prosecution for failure to comply with Court orders." Tullos's counsel stated, "I thought up until this morning that that was not an issue." Tullos's counsel also stated on two occasions that he did not bring the information he needed to address the trial court's concerns.

That same day, the trial court signed an order dismissing the case with prejudice "based on the pleadings on file and the testimony of counsel on this date." The order stated that it was issued under the trial court's authority "to impose sanctions for a party's failure to comply with . . . pretrial orders and discovery obligations." It stated, "In light of Plaintiff's systemic and absolute refusals to comply with virtually all aspects of all prior Orders, and Plaintiff's refusal to timely comply with his discovery obligations, dismissal in this matter is both just and reasonable. The Court finds that no lesser sanction would promote compliance." The order stated that it "fully disposes of all issues and parties in this matter."

On April 4, 2011, Tullos filed a verified motion for new trial complaining that he had no notice regarding a sanctions hearing and that he was "denied the opportunity to respond to any of the claims . . . that [his] conduct was 'systemic and absolute.'" Tullos also argued that there was no evidence that he had failed to

8

comply with "virtually all aspects of all prior orders," as found in the trial court's order, and that the trial court had abused its discretion in failing to consider lesser sanctions. He attached exhibits showing his compliance with discovery and his communications with other attorneys regarding scheduling of mediation and other matters.

The trial court denied the motion for new trial, stating in its order, "Amongst other things, Plaintiff's Motion fails to comply with the Galveston County Local Rules, including Local Rule 3.24. . . . The Court also FINDS that the time period for filing a proper Motion for New Trial has expired."

This appeal followed.

## Analysis

In his first issue, Tullos argues that he did not receive adequate notice of the sanctions hearing and that, therefore, his case should not have been dismissed either as a sanction or for want of prosecution.

## A. Notice of Dismissal as "Death Penalty" Sanction

Jones argues that Tullos had adequate notice of the March 4, 2011 hearing. However, Tullos does not argue that he did not receive notice of the March 4 hearing. Tullos argues that he had no notice that the subject matter of the hearing would encompass assessment of sanctions and that, therefore, the trial court's dismissal of his suit as a sanction was an abuse of its discretion.

9

Texas Rule of Civil Procedure 215 allows a trial court to order sanctions when a litigant or his attorney abuses the discovery process. TEX. R. CIV. P. 215. In addition, a trial court possesses the inherent power to discipline an attorney's behavior through the imposition of sanctions in appropriate cases. *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997); *see also Clark v. Bres*, 217 S.W.3d 501, 512 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("Even in the absence of an applicable rule or statute, [a court has] the authority to sanction parties for bad faith abuses if it finds that to do so will aid in the exercise of its jurisdiction, in the administration of justice, and the preservation of its independence and integrity.") (quoting *Roberts v. Rose*, 37 S.W.3d 31, 33 (Tex. App.—San Antonio 2000, no pet.)). Such sanctions are discretionary and are reviewed on appeal for an abuse of discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (sanctions under Rule 215); *Ezeoke v. Tracy*, 349 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (sanctions under court's inherent power). A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When imposing sanctions for discovery abuses, a trial court must look to the Texas Rules of Civil Procedure for guiding rules and principles. *Id.* at 242. In reviewing an order imposing sanctions, we must independently review the entire

10

record, and we are not bound by the trial court's findings of fact and conclusions of law. *Am. Flood Research, Inc.*, 192 S.W.3d at 583.

The Due Process Clause of the United States Constitution limits a trial court's power to sanction. *In re Bennett*, 960 S.W.2d at 40; *Clark*, 217 S.W.3d at 513; *Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Likewise, the due course of law provision in Article I, Section 19 of the Texas Constitution limits the power to sanction. TEX. CONST. art. I § 19. "For this reason, the imposition of sanctions requires . . . 'notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and [to] afford them the opportunity to present their objections.'" *Greene*, 174 S.W.3d at 298. Rule 215 expressly requires notice and a hearing before sanctions may be imposed on a party. *See, e.g.*, TEX. R. CIV. P. 215.2 (allowing sanctions for failure to comply with court order or discovery request after notice and hearing); 215.3 ("[T]he court in which the action is pending may, after notice and a hearing, impose any appropriate sanction. . . ."). Likewise, "[t]he traditional due process protections of notice and hearing are also required before a trial court can impose sanctions on a party pursuant to its inherent power to sanction." *Greene*, 174 S.W.3d at 298 (citing *Kutch v. Del Mar College*, 831 S.W.2d 506, 511 (Tex. App.—Corpus Christi 1992, no writ)).

11

At the time of the March 4 hearing, no motions or requests for sanctions were pending before the trial court. The trial court did not provide any notice to Tullos that it intended to sanction him *sua sponte* under Rule 215 or under its inherent power. Tullos was not put on notice that sanctions would be imposed against him, nor was he put on notice regarding the conduct ultimately sanctioned by the trial court. Thus, we conclude that Tullos was denied adequate notice of the imposition of sanctions. *See Greene*, 174 S.W.3d at 299–300 & n.4 (reversing sanctions order of trial court because court relied on grounds not included in notice in imposing sanctions and stating, "[T]he court must provide notice to the party that it intends to rely on its inherent authority to sanction to allow the party to prepare a defense"); *see also Clark*, 217 S.W.3d at 513 ("Imposing sanctions on a party without notice and an opportunity to be heard would violate the requirements of due process."); *Bisby v. Dow Chem. Co.*, 931 S.W.2d 18, 21 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("Because Bisby was not put on notice that sanctions would be imposed upon her for filing the three above-described pleadings, the trial court erred in assessing sanctions.").

Jones points out that her motion to compel contained a general prayer for relief. However, here, as in *Greene*, such a general prayer is not adequate to provide notice of the bases for sanctions awarded by the trial court. *See Greene*, 174 S.W.3d at 300 ("The question is not whether appellants had notice of the

12

particular "relief" that was awarded to [the appellee]; rather, it is a question of whether appellants were afforded notice of the bases for the sanctions imposed against them to enable them to mount an adequate defense.").

We also observe that the trial court stated in its January 25, 2011 order that sanctions might be imposed for failure to comply with that order, which denied the parties' motion for continuance and ordered them to complete mediation by March 11, 2011. However, the trial court dismissed the case on March 4, 2011, before the March 11, 2011 deadline for complying with its order to mediate. Thus, this order does not provide notice of any basis on which the trial court could have relied in dismissing the case on March 4, 2011.

We hold that the trial court abused its discretion to the extent it dismissed Tullos's suit as a sanction under Rule 215 or under its inherent power to discipline an attorney's behavior.

## B. Dismissal for Want of Prosecution

Progressive argues in its brief that the trial court's dismissal was proper as a dismissal for want of prosecution. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam) ("When an ambiguous order is susceptible to two reasonable constructions, an appellate court should adopt the construction that correctly applies the law."). We review a dismissal for want of prosecution for an abuse of discretion. *Id.*

13

The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a, and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). However, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority. *Id.*; *see also* TEX. R. CIV. P. 165a ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record. . . ."). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *See Villarreal*, 944 S.W.2d at 630.

Here, nothing in the record indicates that Tullos received notice that the trial court intended to dismiss his case for want of prosecution. Thus, the order is not supported on this ground. *See id.*

We hold that the trial court abused its discretion to the extent it dismissed Tullos's suit for want of prosecution.

We sustain Tullos's first issue.

Tullos's remaining issues are not dispositive and need not be addressed. [4] *See* TEX. R. APP. P. 47.1.

---

[4]  Progressive asserts an alternative ground for affirming the trial court's dismissal of Tullos's claims against it. Progressive argues that it "was not properly before the trial court because [Tullos] amended his petition adding Progressive as a

14

## Conclusion

We reverse the judgment of the trial court dismissing Tullos's case and remand for further proceedings consistent with this opinion.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

---

defendant after the deadline to add new parties, without requesting leave to amend his petition from the court." After Tullos amended his pleadings adding Progressive as a party, Progressive answered and filed a motion for continuance. The motion for continuance did not raise this issue. Nor did Progressive file a motion to strike or otherwise present this issue to the trial court. Thus, we conclude that this argument is not preserved for consideration on appeal. *See* TEX. R. APP. P. 33.1 (requiring that complaint be presented to trial court as prerequisite for raising issue on appeal).